SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized).

**State v. Carlos Bolvito** (A-44-12) (071493)

**Argued November 6, 2013 -- Decided March 31, 2014**

**PATTERSON, J., writing for a unanimous Court.**

In this appeal, the Court addresses whether a sentencing court may consider a defendant's ability to pay when setting a monetary penalty pursuant to the Sex Crime Victim Treatment Fund (SCVTF), N.J.S.A. 52:4B-43.2.

Defendant Carlos Bolvito pled guilty to three offenses arising from sexual assaults of his stepdaughter: First-degree aggravated sexual assault, second-degree sexual assault, and second-degree endangering the welfare of a child. These predicate offenses triggered the imposition of mandatory penalties under the SCVTF, but the plea agreement presented to the trial court did not specifically address the SCVTF penalties to be assessed against defendant. Defendant signed a plea form, however, acknowledging his understanding that "as a result of [his] guilty plea [he would] be required to pay a mandatory [SCVTF] penalty." The form disclosed the applicable maximum penalty amounts for each offense to which defendant pled guilty, and listed the "Total S.C.V.T.F. Penalty" as $4,000.00. During the plea colloquy, the court also asked whether defendant understood that he would have to contribute "a total of $4,000" to the SCVTF, and defendant responded affirmatively. Satisfied that defendant had set forth an adequate factual basis for a plea of guilty as to all three charges, and that defendant understood the consequences of his plea, the trial court accepted defendant's guilty plea.

After analyzing the applicable aggravating and mitigating factors, the trial court sentenced defendant to a term of imprisonment, imposed parole supervision for life, ordered defendant to pay $6,230.40 in restitution, and assessed an SCVTF penalty of $4,000.00 in addition to other fines, charges, and penalties. The court did not provide a statement of reasons or identify the factors that it considered in setting the amount of the SCVTF penalty.

Defendant appealed his sentence. In addition to challenging his custodial sentence and the order of restitution, defendant argued that he should not be required to pay his SCVTF penalty because the court did not hold a hearing to determine his ability to pay the penalty, and the record did not indicate how the penalty was calculated. The Appellate Division rejected defendant's contention that the court should have considered his ability to pay when it calculated the SCVTF penalty. The panel remanded to the trial court for reconsideration of its restitution order, but otherwise affirmed defendant's sentence. The Court granted Bolvito's petition for certification, limited to the issue of whether a sentencing court may consider a defendant's ability to pay when imposing an SCVTF penalty. 213 N.J. 394-95 (2013).

**HELD**: A sentencing court may impose the mandatory Sex Crime Victim Treatment Fund penalty in any amount between a nominal figure and the upper limit prescribed by N.J.S.A. 2C:14-10(a) for the degree of the offense at issue. In setting the penalty, the sentencing court should (1) consider the nature of the offense and the defendant's ability to pay the penalty during any custodial sentence imposed and after his or her release, and (2) provide a statement of reasons as to the amount of any penalty.

1. Appellate courts apply a deferential standard of review to a sentencing court's determination, but not to its interpretation of a law. In reviewing the amount of a SCVTF penalty imposed by a sentencing court pursuant to N.J.S.A. 2C:14-10, the Court construes that provision in accordance with established principles of statutory interpretation. The Court's task is to ascertain the Legislature's intent, reflecting its chosen language, and to give the words of the statute "'their generally accepted meaning.'" State v. Marquez, 202 N.J. 485, 499 (2010) (quoting N.J.S.A. 1:1-1). (pp. 9-10)

2. In 2005, the Legislature established the SCVTF to defray the cost of counseling and treatment services for the victims of certain sex offenses and their families. N.J.S.A. 52:4B-43.2; S. 781 (Sponsor's Statement), 211th Leg.

1

(Feb. 5, 2004). To fund the services, the Legislature enacted N.J.S.A. 2C:14-10, which imposes upon defendants convicted of enumerated sex offenses a monetary penalty from a nominal amount to a specific maximum amount based upon the degree of the offense. Specifically, N.J.S.A. 2C:14-10 states that a person convicted of a qualifying sex offense "shall" be assessed the statutory penalty. The Legislature's choice of language makes clear that it intended that an SCVTF penalty be imposed on any defendant convicted of a predicate offense. That interpretation is underscored by the sponsor's statement attached to the bill. S. 781 (Sponsor's Statement), 211th Leg. (Feb. 5, 2004) (sex offender "would be assessed a penalty for each such offense"). Thus, if a defendant commits a predicate offense, the sentencing court lacks the discretion to dispense with the SCVTF penalty. (pp. 11-14).

3. Although SCVTF penalties are mandatory when the defendant commits a predicate offense, the sentencing court has substantial discretion with respect to the amount of the penalty. For each degree of offense, the Legislature set an SCVTF penalty "not to exceed" a particular amount, but there is no evidence that the Legislature intended the maximum SCVTF penalty for a lower degree of offense to constitute the minimum penalty for a higher degree offense. See N.J.S.A. 2C:14-10(a); S. 781 (Sponsor's Statement), 211th Leg. (Feb. 5, 2004). The Legislature is fully conversant in the language necessary to set minimum and maximum parameters for a monetary penalty and has used such language in other statutes. By contrast, the "not to exceed" language in N.J.S.A. 2C:14-10 imposes a ceiling, not a floor, on the amount to be assessed as an SCVTF penalty for each degree of offense, and thus a court may impose a penalty in any amount, from a nominal amount up to the statutory maximum. (pp. 14-15)

4. When a sentencing court exercises its discretion to set an SCVTF penalty within the applicable statutory range, it should consider a defendant's ability to pay. The Legislature specifically instructed sentencing courts to consider a defendant's ability to pay when imposing several other monetary assessments. See N.J.S.A. 2C:44-2(c)(2) (restitution); N.J.S.A. 2C:44-2(c)(1) (fines); N.J.S.A. 2C:43-3.1(a)(1) (Violent Crimes Compensation Board penalties). By contrast, other penalties prescribed by statute impose a "fixed" amount that "must be imposed regardless of [a] defendant's ability to pay." See N.J.S.A. 2C:35-15 (Drug Enforcement Demand Reduction penalty). Here, the Legislature did not impose "fixed" amounts for mandated SCVTP penalties, nor did it prescribe criteria for a court to apply when setting a penalty within the statutory range. However, N.J.S.A. 2C:1-2(c) generally instructs courts that "'discretionary powers conferred by the code shall be exercised in accordance with the criteria stated in the code and, insofar as such criteria are not decisive, to further the general purposes' of the Code." State v. Yarbough, 100 N.J. 627, 636 (1985) (quoting N.J.S.A. 2C:1-2(c)), cert. denied, 475 U.S. 1014 (1986) (pp. 15-17)

5. Applying the governing principles of Yarbough, two factors should be considered in a sentencing court's application of N.J.S.A. 2C:14-10. First, the court should consider the nature of the offense when determining a defendant's SCVTF penalty within the statutory range. This promotes the principle of punishment in proportion to the offense, encourages uniformity in sentencing, and, consistent with the legislative intent, furthers the goal of requiring sex offenders to alleviate the financial burden imposed on victims of sex crimes, their families and public resources. Second, a sentencing court setting an SCVTF penalty should consider the defendant's ability to pay the amount assessed. In so doing, the court should look beyond the defendant's current assets and anticipated income during the period of incarceration, and should assess the defendant's ability to pay over the long term. If unpaid, the penalty does not evaporate at the conclusion of the defendant's custodial sentence or his or her period of parole supervision. (pp. 17-20)

6. Finally, the sentencing court should provide a statement of reasons when it sets a defendant's SCVTF penalty within the statutory parameters, so as to apprise the parties, the victim, and the public and facilitate appellate review. (pp. 20-21)

The judgment of the Appellate Division is **REVERSED**, and the matter is **REMANDED** for proceedings consistent with this opinion.

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, and FERNANDEZ-VINA; and JUDGE CUFF (temporarily assigned) join in JUSTICE PATTERSON's opinion. JUDGE RODRÍGUEZ (temporarily assigned) did not participate.**

2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

        v.

CARLOS BOLVITO,

    Defendant-Appellant.


       Argued November 6, 2013 – Decided March 31, 2014

        On certification to the Superior Court,
        Appellate Division.

        Peter T. Blum, Assistant Deputy Public
        Defender, argued the cause for
        appellant (Joseph E. Krakora, Public
        Defender, attorney).

        Emily R. Anderson, Deputy Attorney
        General, argued the cause for
        respondent (John J. Hoffman, Acting
        Attorney General of New Jersey,
        attorney).

    JUSTICE PATTERSON delivered the opinion of the Court.

    In 2005, the Legislature established the Sex Crime

Victim Treatment Fund (SCVTF) to defray the cost of

counseling and treatment services for the victims of

certain sex offenses and their families.  N.J.S.A. 52:4B-

43.2.  To fund the services, the Legislature enacted

N.J.S.A. 2C:14-10, which imposes upon defendants convicted

of enumerated sex offenses a monetary penalty from a

nominal amount to a specific maximum amount based upon the degree of the offense. The statute does not set forth the factors that a sentencing court should consider when imposing an SCVTF penalty. N.J.S.A. 2C:14-10.

This appeal requires the Court to determine whether a sentencing court may consider a defendant's ability to pay when it determines the amount of an SCVTF penalty that a defendant owes. Defendant Carlos Bolvito pled guilty to three offenses arising from sexual assaults of his stepdaughter. In addition to a term of incarceration and other fines and penalties, the trial court imposed an SCVTF penalty of $4000, but did not provide a statement of reasons or identify the factors that it considered in setting the amount of the penalty. An Appellate Division panel rejected defendant's contention that the sentencing court should have considered his ability to pay when it calculated the amount of his SCVTF penalty, and affirmed his sentence.

We reverse and remand for reconsideration of the amount of the SCVTF penalty imposed on defendant. We hold that the SCVTF penalty is mandatory in cases in which a defendant is convicted of a sexual offense identified in the statute. We further hold that a sentencing court may impose an SCVTF penalty against a defendant in any amount

2

between a nominal figure and the upper limit prescribed by N.J.S.A. 2C:14-10(a) for the degree of the offense at issue. In setting an SCVTF penalty, the sentencing court should consider the nature of the offense, as well as the defendant's ability to pay the penalty during any custodial sentence imposed and after his or her release. We further hold that the sentencing court should provide a statement of reasons as to the amount of any penalty imposed pursuant to N.J.S.A. 2C:14-10(a).

Accordingly, we reverse and remand to the sentencing court for reconsideration of the amount of defendant's SCVTF penalty.

I.

On two occasions in November 2010, defendant sexually assaulted his seven-year-old stepdaughter. The assaults were discovered following a physician's examination of the child. Defendant's wife contacted the police, and in an interview with police officers, the child recounted the assaults. After being given warnings pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), defendant was interrogated. He admitted to sexual contact with the child.

Defendant was charged with first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1); second-degree

3

sexual assault, N.J.S.A. 2C:14-2(b); and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). Following his indictment, defendant entered into a plea agreement with the State in which he agreed to plead guilty to all three charges, and the State agreed to recommend a twelve-year term of incarceration subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.  In the plea agreement presented to the trial court, the State and defendant did not specifically address the SCVTF penalty to be assessed against defendant.

On January 28, 2011, defendant pled guilty to all three of the charges in the indictment, and signed a plea form that included the following question:

> 8. Sex Crime Victim Treatment Fund Penalty (S.C.V.T.F.)
> Do you understand that if the crime occurred on or after April 26, 2005, as a result of your guilty plea you will be required to pay a mandatory Sex Crime Victim Treatment Fund (S.C.V.T.F.) penalty as listed below for each offense for which you pled guilty?
>
> b. The mandatory penalties are as follows:
> (1) Up to $2,000 in the case of a 1st degree crime
> (2) Up to $1,000 in the case of a 2nd degree crime
> (3) Up to $750 in the case of a 3rd degree crime
> (4) Up to $500 in the case of a 4th degree crime

4

TOTAL S.C.V.T.F. Penalty: $_____

On defendant's form, "yes" was circled next to the question seeking to verify defendant's understanding that he would be required to pay the SCVTF penalty. In addition, subsection (1), relevant to first-degree offenses, and subsection (2), relevant to second-degree offenses, were circled by hand, and there was a handwritten notation of "$4000.00" on the space for the SCVTF penalty amount. Defendant signed and dated the form. The trial court then conducted a plea colloquy with defendant that included the following exchange:

> [The Court:] Also, do you understand that, if the -- since the crime occurred after April 26th, 2005, there's a Sex Crime Victim Treatment Fund to which you will have to make contributions of $2,000 for the first-degree offense and $1,000 for each of the second-degree offenses for a total of $4,000? Do you understand that you will have to pay that?
>
> [Defendant:] Yes.

The trial court stated that it was satisfied that defendant had set forth an adequate factual basis for a plea of guilty as to all three charges, and that defendant understood the consequences of his plea. Accordingly, the trial court accepted defendant's guilty plea.

Defendant was sentenced on June 24, 2011. The sentencing court found four aggravating factors enumerated in N.J.S.A. 2C:44-1(a): (1) the gravity and seriousness of harm inflicted on the victim, N.J.S.A. 2C:44-1(a)(2); (2) the risk that defendant will commit another offense, N.J.S.A. 2C:44-1(a)(3); (3) the extent of defendant's prior criminal record, N.J.S.A. 2C:44-1(a)(6); and (4) the need for deterrence, N.J.S.A. 2C:44-1(a)(9). It found that none of the mitigating factors set forth in N.J.S.A. 2C:44-1(b) applied to defendant.

The court sentenced defendant to a twelve-year term of imprisonment on the first-degree aggravated sexual assault charge, a concurrent seven-year term of imprisonment on the second-degree sexual assault charge, and a concurrent seven-year term of imprisonment on the second-degree charge of endangering the welfare of a child. Parole supervision for life was imposed as well. The sentencing court noted defendant's immigration status, and stated that he would be required to serve his full custodial sentence before being deported to Guatemala, the country of his citizenship. The sentencing court advised defendant that he would be barred from contacting the victim, required to provide a DNA sample and pay the cost of the DNA analysis, and subject to registration requirements, community notification, address

6

verification and internet registry pursuant to Megan's Law, N.J.S.A. 2C:7-1 to -19. The sentencing court also ordered defendant to pay restitution, several statutory assessments and a surcharge.[1] One of those penalties was described by the sentencing court, without further explanation, as a "4,000-dollar Sex Crime Victim Treatment Fund penalty," pursuant to N.J.S.A. 2C:14-10.

Defendant appealed his sentence. In addition to challenging his custodial sentence and the court's restitution order, defendant argued that he should not be required to pay his SCVTF penalty because the sentencing court did not hold a hearing to determine his ability to pay the penalty, and the record did not indicate how the penalty was calculated. The Appellate Division remanded to the trial court for reconsideration of its restitution order, but otherwise affirmed defendant's sentence.

---

[1] The sentencing court ordered defendant to pay $6,230.40 in restitution for the victim's "loss of support and psychological counseling," N.J.S.A. 2C:43-3(a). It also ordered him to pay $150 to the Victims of Crime Compensation Office, N.J.S.A. 2C:43-3.1(a)(2)(a), $225 for the Safe Neighborhoods Services Fund, N.J.S.A. 2C:43-3.2(a)(1), $30 for the Law Enforcement Officers Training and Equipment Fund, N.J.S.A. 2C:43-3.3(a), $2400 for the Statewide Sexual Assault Nurse Examiner Program Fund, N.J.S.A. 2C:43-3.6, and a $100 surcharge imposed upon certain sexual offenders, N.J.S.A. 2C:43-3.7.

This Court granted certification, limited to the issue of whether a sentencing court must consider a defendant's ability to pay when imposing an SCVTF penalty. 213 N.J. 394-95 (2013).

## II.

Representing that he will be unable to pay his SCVTF penalty, defendant argues that the trial court should have held a hearing to assess his financial status. He contends that the amount of money listed for each degree of offense in N.J.S.A. 2C:14-10 represents a maximum that the sentencing court can assess, not a mandatory penalty. Defendant urges the Court to require sentencing courts to state the reasons for imposing SCVTF penalties, and argues that a defendant's ability to pay should be the primary consideration for the court. He proposes that a sentencing court should presume that a defendant's earnings will be minimal following his release from a custodial sentence, and offers several factors to guide sentencing courts in determining the defendant's ability to pay and the amount of SCVTF penalties.

The State concurs that a defendant's ability to pay may be considered by the sentencing court, but argues that it should be a secondary concern. It contends that the sentencing court should focus upon the nature and severity

8

of the crime, given the legislative purpose of N.J.S.A. 2C:14-10 to assist victims of sexual offenses. The State construes N.J.S.A. 2C:14-10 as setting a range for each degree of offense, so that the upper limit for a second-degree offense, $1000, constitutes the minimum SCVTF penalty for a first-degree offense. The State argues that the sentencing court properly assessed the $4000 SCVTF penalty in this case based on defendant's guilty plea to one first-degree offense and two second-degree offenses, and that the Court therefore should affirm the Appellate Division panel's judgment.

## III.

We apply a deferential standard of review to the sentencing court's determination, but not to the interpretation of a law. Appellate review of a criminal sentence is limited; a reviewing court decides whether there is a "clear showing of abuse of discretion." State v. Whitaker, 79 N.J. 503, 512 (1979) (internal quotation marks omitted); see also State v. Blackmon, 202 N.J. 283, 297 (2010) ("Appellate review of sentencing decisions is relatively narrow and is governed by an abuse of discretion standard."). Appellate courts must affirm the sentence of a trial court unless: (1) the sentencing guidelines were violated; (2) the findings of aggravating and mitigating

9

factors were not "based upon competent credible evidence in the record;" or (3) "the application of the guidelines to the facts" of the case "shock[s] the judicial conscience." State v. Roth, 95 N.J. 334, 364-65 (1984).

We review only one aspect of defendant's sentence: the amount of the SCVTF penalty imposed by the sentencing court pursuant to N.J.S.A. 2C:14-10. We construe that provision in accordance with established principles of statutory interpretation. The Legislature directs that in the construction of its statutes, "words and phrases shall be read and construed with their context, and shall, unless inconsistent with the manifest intent of the legislature or unless another or different meaning is expressly indicated, be given their generally accepted meaning, according to the approved usage of the language." N.J.S.A. 1:1-1. Our task is to ascertain the Legislature's intent, reflecting its chosen language, and to give the words of the statute "'their generally accepted meaning.'" State v. Marquez, 202 N.J. 485, 499 (2010) (quoting N.J.S.A. 1:1-1). We "'effectuat[e] the legislative plan as it may be gathered from the enactment [when] read in full light of its history, purpose and context.'" Koch v. Dir., Div. of Taxation, 157 N.J. 1, 7 (1999) (quoting State v. Haliski, 140 N.J. 1, 9 (1995)).

10

The sponsor's statement appended to the 2004 bill indicated that the Legislature was imposing the SCVTF penalty "to provide funding for the counseling and treatment of victims and their families." S. 781 (Sponsor's Statement), 211th Leg. (Feb. 5, 2004). The statute assesses a penalty against defendants convicted of certain sex offenses.[2] It provides, in relevant part:

> a. In addition to any fine, fee, assessment or penalty authorized under the provisions of Title 2C of the New Jersey Statutes, a person convicted of a sex offense, as defined in [N.J.S.A. 2C:7-2], shall be assessed a penalty for each such offense not to exceed:
>
> (1) $2,000, when the conviction is a crime of the first degree;
> (2) $1,000, when the conviction is a crime of the second degree;
> (3) $750, when the conviction is a crime of the third degree; and
> (4) $500, when the conviction is a crime of the fourth degree.
>
> [N.J.S.A. 2C:14-10.]

To ensure that funds collected by virtue of this statutory penalty are used to assist sex crime victims and

---

[2] N.J.S.A. 2C:14-10 applies to offenders convicted of one or more of the offenses enumerated in N.J.S.A. 2C:7-2. All three of the offenses to which defendant pled guilty -- aggravated sexual assault, N.J.S.A. 2C:14-2(a); sexual assault, N.J.S.A. 2C:14-2(b); and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) -- are enumerated in N.J.S.A. 2C:7-2 and therefore constitute predicate sexual offenses for purposes of imposing the SCVTF penalty. N.J.S.A. 2C:7-2; N.J.S.A. 2C:14-10.

11

their families, the Legislature created the SCVTF as a "separate, nonlapsing, revolving fund" administered by the Victims of Crime Compensation Board.  N.J.S.A. 52:4B-43.2. The fund is dedicated to "the provision of counseling and treatment services to victims" of sex offenses enumerated in N.J.S.A. 2C:7-2 pursuant to rules and regulations promulgated by the Victims of Crime Compensation Board, which is required to coordinate the treatment program with the efforts of several other State agencies dedicated to serving crime victims.  N.J.S.A. 52:4B-43.2.  In the sponsor's statement appended to the bill, the Legislature indicated that the SCVTF penalty "would be in addition to and not in lieu of any fine authorized by law."  S. 1619 (Sponsor's Statement), 209th Leg. (Sept. 21, 2000).[3]

N.J.S.A. 2C:14-10 states that a person convicted of a qualifying sex offense "shall" be assessed the statutory penalty.  Based on this language, it is clear that the

---

[3] Pursuant to N.J.S.A. 2C:46-4.1, in determining the method by which the State will allocate money collected from a defendant in satisfaction of assessments imposed pursuant to N.J.S.A. 2C:43-3.1, or restitution or fines imposed pursuant to any provision of Title 2C or N.J.S.A. 2A:4A-43, the Legislature assigned the SCVTF a low priority. N.J.S.A. 2C:46-4.1(k) ranks the SCVTF eleventh among twelve categories of assessments, fines and restitution.  N.J.S.A. 2C:46-4.1(k).  Accordingly, money paid by a defendant is devoted to satisfying his or her SCVTF penalty only after he or she has paid any restitution ordered and any assessments or fines imposed pursuant to ten other statutory provisions.

12

Legislature intended that an SCVTF penalty be imposed on any defendant convicted of one or more of the sexual offenses listed in N.J.S.A. 2C:7-2. "[T]he Legislature's choice of the word 'shall,' [] is ordinarily intended to be mandatory, not permissive." Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 587-88 (2013); see also State v. Thomas, 188 N.J. 137, 149-50 (2006) (stating that "[t]he language of [N.J.S.A.] 2C:43-6(f) clearly indicates that the Legislature meant enhancement to be mandatory: a person 'shall upon application of the prosecuting attorney be sentenced by the court to an extended term'" (quoting N.J.S.A. 2C:43-6(f))); Aponte-Correa v. Allstate Ins. Co., 162 N.J. 318, 325 (2000) ("Under the 'plain meaning' rule of statutory construction, the word 'may' ordinarily is permissive and the word 'shall' generally is mandatory."). That interpretation is underscored by the statute's legislative history; the sponsor's statement attached to the bill provided that a sex offender "would be assessed a penalty for each such offense." S. 781 (Sponsor's Statement), 211th Leg. (Feb. 5, 2004). Thus, N.J.S.A. 2C:14-10 mandates that a sentencing court impose an SCVTF penalty on a defendant convicted of an offense listed in N.J.S.A. 2C:7-2. If N.J.S.A. 2C:14-10 applies by virtue of a predicate offense, the sentencing court lacks

13

the discretion to dispense with the SCVTF penalty. N.J.S.A. 2C:14-10.

The sentencing court, however, has substantial discretion with respect to the amount of the SCVTF penalty. For each degree of offense, the Legislature set an SCVTF penalty "not to exceed" a particular amount -- $2000 for a first-degree offense, $1000 for a second-degree offense, $750 for a third-degree offense and $500 for a fourth-degree offense. N.J.S.A. 2C:14-10(a). The sponsor's statement attached to the bill confirmed that each degree of offense would result in a penalty "not to exceed" the amount prescribed in the subsection of the statute that addresses that degree of offense. S. 781 (Sponsor's Statement), 211th Leg. (Feb. 5, 2004).

Notwithstanding the State's contention, there is no evidence that the Legislature intended the maximum SCVTF penalty for a lower degree of offense to constitute the minimum penalty for a higher degree offense. The Legislature is fully conversant in the language necessary to set minimum and maximum parameters for a monetary penalty; it has used such language in other statutes. See, e.g., N.J.S.A. 2C:43-3.1 (assessing defendants convicted of certain offenses in amount "at least $100.00, but not to exceed $10,000.00 for each such crime"); N.J.S.A. 39:4-50

14

(setting minimum and maximum fines for first and second offenders in driving while intoxicated statute).  Here, the "not to exceed" language in N.J.S.A. 2C:14-10 imposes a ceiling, not a floor, on the amount to be assessed as an SCVTF penalty for each degree of offense.  See Maticka v. City of Atlantic City, 216 N.J. Super. 434, 439 (App. Div. 1987) (holding that regulation providing for emergency assistance for families with dependent children imposed maximum time period for that assistance with language "not to exceed two calendar months").  Accordingly, a sentencing court may impose a penalty in any amount, from a nominal amount up to the statutory maximum based on the defendant's offense.

The issue at the center of this appeal is whether a defendant's ability to pay should be considered by the sentencing court when it exercises its discretion to set an SCVTF penalty within the applicable statutory range.  The Legislature specifically instructed sentencing courts to consider a defendant's ability to pay when determining whether to impose several other monetary assessments.  In setting the amount of restitution ordered under N.J.S.A. 2C:44-2(c)(2), the sentencing court considers "all financial resources of the defendant, including the defendant's likely future earnings;" and calibrates its

15

order "so as to provide the victim with the fullest compensation for loss that is consistent with the defendant's ability to pay."  N.J.S.A. 2C:44-2(c)(2). Similarly, the Legislature instructed a sentencing court determining the "amount and method of payment of a fine" to "take into account the financial resources of the defendant and the nature of the burden that its payment will impose." N.J.S.A. 2C:44-2(c)(1).[4]  Similarly, the Legislature specifically directed sentencing courts to consider a defendant's ability to pay as one of the factors relevant to a Violent Crimes Compensation Board (VCCB) penalty. N.J.S.A. 2C:43-3.1(a)(1); see also State v. Gallagher, 286 N.J. Super. 1, 22-23 (App. Div. 1995), certif. denied, 146 N.J. 569 (1996).  In contrast, the Drug Enforcement Demand Reduction penalty prescribed by N.J.S.A. 2C:35-15 is "fixed at" an exact amount for each degree of offense by statute, and accordingly "must be imposed regardless of [a]

---

[4] The criteria prescribed for determination of a "fine" under N.J.S.A. 2C:44-2(c)(1) do not apply to the assessment of a penalty under N.J.S.A. 2C:14-10.  The Legislature defined the SCVTF penalty to be distinct from a "fine," notwithstanding the close connection between the two terms, and their interchangeable use in some settings.  The SCVTF statute provides that the "penalty" imposed shall be "[i]n addition to any fine, fee, assessment or penalty" otherwise authorized by the Criminal Code.  N.J.S.A. 2C:14-10. Further, the legislative history of N.J.S.A. 2C:44-2 distinguished between the subject of that statute -- fines -- and criminal penalties.  See Senate Judiciary Committee Statement to S. 738, 198th Leg. (May 15, 1978).

16

defendant's ability to pay."  State v. Malia, 287 N.J.
Super. 198, 208 (App. Div. 1996).

The Legislature imposed no such constraints on
sentencing courts with respect to the SCVTF penalty
mandated by N.J.S.A. 2C:14-10.  Nor did it prescribe
criteria for a court to apply when setting a particular
defendant's SCVTF penalty within the statutory range.
N.J.S.A. 2C:14-10.  However, the Legislature provided
general guidance in N.J.S.A. 2C:1-2(c).  That statute
instructs courts that "'discretionary powers conferred by
the code shall be exercised in accordance with the criteria
stated in the code and, insofar as such criteria are not
decisive, to further the general purposes' of the Code."
State v. Yarbough, 100 N.J. 627, 636 (1985) (quoting
N.J.S.A. 2C:1-2(c)), cert. denied, 475 U.S. 1014, 106 S.
Ct. 1193, 89 L. Ed. 2d 308 (1986).  In Yarbough, an opinion
setting forth factors to guide sentencing courts
determining whether sentences for multiple offenses should
run consecutively or concurrently, this Court noted:

> There being no specific criteria stated
> in the Code, we must fashion standards
> for discretion that will best further
> the purposes of the Code.  Those
> purposes center upon the concept that
> punishment of crime be based primarily
> on principles of deserved punishment in
> proportion to the offense and not
> rehabilitative potential, and that in

17

> dispensing that punishment, our judicial system should attain a predictable degree of uniformity.

[Id. at 636-37 (footnote omitted).]

Applying those governing principles, we identify two factors that should be considered in a sentencing court's application of N.J.S.A. 2C:14-10. The court should begin by considering the nature of the offense when determining a defendant's SCVTF penalty within the statutory range. Placing emphasis on the defendant's offense promotes the principle of punishment in proportion to the offense and promotes uniformity in sentencing. Consistent with the legislative intent, setting the SCVTF penalty in light of the defendant's offense also furthers the goal of requiring sex offenders to alleviate the financial burden imposed on victims of sex crimes, their families and public resources. See N.J.S.A. 2C:14-10; N.J.S.A. 52:4B-43.2.

Second, consistent with the Legislature's express direction in N.J.S.A. 2C:44-2 with respect to two other discretionary decisions -- the calculation of restitution and the imposition of fines -- a sentencing court setting an SCVTF penalty should consider the defendant's ability to pay the amount assessed. An uncollectible SCVTF penalty

18

provides no treatment for crime victims and their families.[5]
If a substantial penalty is assessed against a defendant
who has no realistic prospect of satisfying it, that
penalty is destined to become an unsatisfied judgment that
benefits no one.  In contrast, a penalty below the
statutory maximum that is paid over time from a defendant's
modest income may impose a more meaningful punishment than
a higher penalty assessed against a defendant of
substantial means.

When it assesses a defendant's ability to pay, the
sentencing court should look beyond the defendant's current
assets and anticipated income during the period of
incarceration.  The Legislature did not impose time
constraints on an SCVTF penalty.  N.J.S.A. 2C:14-10.  If
unpaid, the penalty does not evaporate at the conclusion of
the defendant's custodial sentence or his or her period of
parole supervision.  To the extent that a defendant's
educational background and employment history may affect

---

[5] When it passed N.J.S.A. 2C:14-10, the Legislature
recognized that collecting substantial monetary penalties
from defendants convicted of sex offenses, many of whom
serve long terms of incarceration, would pose a challenge.
The Assembly Appropriations Committee's fiscal impact
statement that accompanied the bill noted that "[a]t this
point it is not known . . . how much of the estimated
amount from penalties would be collectible."  Assembly
Appropriations Committee Statement to S. 781, 211th Leg.
(Feb. 7, 2005).

19

his or her potential to achieve post-incarceration employment and a steady income, such factors may be relevant to the inquiry. For purposes of the sentencing court's determination, a defendant's ability to pay should not be measured only by current circumstances, but assessed over the long term.[6]

Finally, the sentencing court should provide a statement of reasons when it sets a defendant's SCVTF penalty within the statutory parameters. See State v. Megargel, 143 N.J. 484, 502 (1996) (noting that "as in all sentencing decisions, the trial court must clearly identify the relevant sentencing factors and describe how it exercised its discretion balancing these factors"); State v. Marshall, 130 N.J. 109, 237 (1992) (noting that sentencing courts are required to provide "a statement of reasons to protect effective appellate review of the sentences" (citing State v. Leggeadrini, 75 N.J. 150, 157 (1977))); Yarbough, supra, 100 N.J. at 643 (stating that "the reasons for imposing either a consecutive or

---

[6] We do not adopt any presumption that an incarcerated defendant's income will be insufficient to pay a maximum fine. Nor do we adopt the multifactor test proposed by defendant. We also reject defendant's proposal that a sentencing court hold a separate hearing to determine the amount of the SCVTF penalty. The SCVTF penalty should be assessed as part of the defendant's sentencing hearing, not in a separate proceeding.

concurrent sentence should be separately stated in the sentencing decision"). As with respect to other discretionary sentencing determinations, a statement of reasons will apprise the parties, the victim, and the public and will facilitate appellate review.

## IV.

The judgment of the Appellate Division is reversed, and the matter is remanded to the sentencing court for resentencing, limited to a reconsideration of defendant's SCVTF penalty in accordance with this opinion.

CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, and FERNANDEZ-VINA; and JUDGE CUFF (temporarily assigned) join in JUSTICE PATTERSON's opinion. JUDGE RODRÍGUEZ (temporarily assigned) did not participate.

21

SUPREME COURT OF NEW JERSEY

NO. __A-44__ SEPTEMBER TERM 2012

ON CERTIFICATION TO _____Appellate Division, Superior Court_____

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

        v.

CARLOS BOLVITO,

     Defendant-Appellant.

DECIDED _____March 31, 2014_____

_____Chief Justice Rabner_____ PRESIDING

OPINION BY _____Justice Patterson_____

CONCURRING/DISSENTING OPINIONS BY _____

DISSENTING OPINION BY _____

| CHECKLIST | REVERSE AND REMAND | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUSTICE PATTERSON | X | |
| JUDGE RODRÍGUEZ (t/a) | -------------------- | ------------------ |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 6 | |

1