**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4395-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARK MARTIN,

    Defendant-Appellant.

_____

Argued telephonically June 8, 2018 —
Decided June 27, 2018

Before Judges Fisher, Moynihan and Natali.

On appeal from Superior Court of New Jersey,
Law Division, Gloucester County, Indictment
No. 15-01-0031.

Peter T. Blum, Assistant Deputy Public
Defender, argued the cause for appellant
(Joseph E. Krakora, Public Defender, attorney;
Peter T. Blum, of counsel and on the brief).

Dana R. Anton, Assistant Prosecutor, argued
the cause for respondent (Charles A. Fiore,
Gloucester County Prosecutor, attorney;
Margaret A. Cipparrone, Senior Assistant
Prosecutor, of counsel and on the brief;
Monica Bullock, Assistant Prosecutor, on the
brief).

PER CURIAM

Tried to a jury on an indictment charging: two counts of third-degree possession of controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a) (counts one and two); second-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(b)(2) (count three); third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(b)(3) (count four); second-degree possession of CDS with intent to distribute within 1000 feet of school property, N.J.S.A. 2C:35-7 (count five); fourth-degree resisting arrest by flight, N.J.S.A. 2C:29-2(a)(2) (count six); second-degree possession of a firearm while committing a CDS crime (guns and drugs), N.J.S.A. 2C:39-4.1(a) (count seven); and in a bifurcated trial before the same jury on second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b) (count eight), defendant Mark Martin appeals from his convictions on counts one, six and eight. He was sentenced to concurrent state prison terms of five years with two-and-a-half years of parole ineligibility on count one; a flat eighteen months on count six; and an extended-term of fifteen-years with seven-and-a-half years of parole ineligibility on count eight. He argues:

> POINT I
>
> THE SECOND GUN POSSESSION TRIAL SHOULD HAVE
> BEEN BARRED BY THE DOUBLE JEOPARDY CLAUSE
> BECAUSE THE JURY'S FINDING IN THE FIRST TRIAL

THAT POSSESSION WAS NOT PROVEN COLLATERALLY
ESTOPPED A SECOND POSSESSION PROSECUTION.

POINT II

THE DISCRETIONARY EXTENDED TERM FOR GUN
POSSESSION -- FIFTEEN YEARS WITH A SEVEN AND
ONE-HALF YEAR PAROLE DISQUALIFIER -- WAS
EXCESSIVE.

We affirm.

Defendant's collateral estoppel argument rests on the jury's verdict in the first trial finding defendant not guilty of all crimes related to the CDS and the gun discovered in the bedroom of the raided house in which police found defendant and another man. "Given that no factual basis existed to distinguish the gun from the [CDS found in the bedroom],"[1] he argues, "this result can be interpreted in just one way: the jurors had doubts about [defendant]'s connection to all the items in the bedroom and decided that he had not possessed them." That interpretation, he contends, barred the bifurcated certain persons trial.

The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, and Article I, Paragraph 11 of the New

---

[1] The guns and drugs section of the verdict sheet — renumbered from the original indictment because of a post-indictment dismissal — asked only if defendant "did possess a firearm while in the course of committing or attempting to commit a [CDS] crime, that being possession with intent to distribute heroin." The choices — not guilty and guilty — did not, as is usual, inquire as to the separate elements of that crime.

Jersey Constitution provide coextensive protections against an individual from being twice placed in jeopardy for the same offense. State v. Kelly, 201 N.J. 471, 484 (2010). Under both measures, a defendant is safeguarded against three types of abuses: "a second prosecution for the same offense after acquittal"; "a second prosecution for the same offense after conviction"; and "multiple punishments for the same offense." Ibid. Citing the case defendant heavily relies upon, our Supreme Court observed:

> In Ashe v. Swenson, 397 U.S. 436, 442-46 (1970), the United States Supreme Court recognized that the Fifth Amendment's Double Jeopardy Clause incorporates the doctrine of collateral estoppel. Thus, "when an issue of ultimate fact has . . . been determined by a valid and final judgment" in one trial, the State may be collaterally estopped from relitigating that same exact issue in a second trial. Id. at 443. The crucial inquiry is "whether a rational jury could have grounded its verdict [of acquittal] upon an issue other than that which the defendant seeks to foreclose from consideration." Id. at 444 (citations omitted).
>
> [Kelly, 201 N.J. at 486 (second alteration in original).]

We agree with Judge Kevin T. Smith who rejected defendant's argument after the first trial that the certain persons trial was barred by double jeopardy.

In Ashe, defendant — accused of the robbery of six victims — was tried for the robbery of one of those victims and acquitted

4

because the "jury determined by its verdict that the [defendant] was not one of the robbers" where identity was the main issue in the case. 397 U.S. at 438-39, 446. Further prosecution for the robbery of the five other victims was precluded by the jury's finding. Id. at 445-47.

We do not countenance defendant's contention that his first trial was a "dry run" on defendant's connection to the items in the bedroom. See id. at 447. The bifurcated certain persons trial was mandated to protect defendant; "[s]everance is customary and presumably automatic where it is requested because of the clear tendency of the proof of the felony conviction to prejudice trial of the separate charge of unlawful possession of a weapon." State v. Ragland, 105 N.J. 189, 194 (1986).

Moreover, defendant did not meet his burden of proving that the possession of the weapon issue was decided at the first trial, Kelly, 201 N.J. at 488, thereby barring the successive prosecution of the certain persons offense. The not-guilty verdict on the guns and drugs charge need not have rested on the jury's finding that defendant did not possess the firearm found in the bedroom. The State was required to prove: 1) there was a firearm; 2) defendant possessed the firearm; and 3) at the time alleged in the indictment, defendant was in the course of committing, attempting to commit or conspiring to commit possession with intent to

distribute CDS.  Model Jury Charge (Criminal), "Possession of Firearm While Committing Certain Drug Crimes (N.J.S.A. 2C:39-4.1(a))" (approved Mar. 22, 2004).  Contrary to defendant's argument that the only interpretation of the jury verdict was that defendant possessed neither the CDS or firearm, the acquittal could very well have been based on a finding that defendant did not attempt, conspire to or commit the possession of CDS with intent to distribute — a charge of which defendant was also acquitted.

This was an unusual case where the State did not charge defendant with unlawful possession of a weapon under N.J.S.A. 2C:39-5(b).  An acquittal by the jury on that charge at the first trial would have established that issue thereby barring the certain persons trial.[2]  Defendant's theory that the acquittal on the guns and drugs charge resolved both the drugs and firearms possession issues is the result of speculation in which our Supreme Court declined to engage.  Kelly, 201 N.J. at 491-92.  As the Kelly Court observed, "divining whether the jury decided an ultimate issue by a verdict of acquittal will seldom be possible."  Id. at 491.  Inasmuch as the firearms possession element was not

---

[2]  Since defendant — a convicted felon — could not obtain a permit, a not guilty verdict would mean the jury found he did not possess a handgun.

established by the jury's first verdict, the State was not collaterally estopped from prosecuting the certain persons charge.

Defendant's arguments that the extended term sentence imposed on the certain persons count was excessive because the trial court "relied solely on [defendant's] prior criminal record" in finding aggravating factors, in imposing an extended term and in imposing "the highest possible parole disqualifier that should be attached to the extended term," are belied by Judge Smith's comprehensive and well-reasoned analysis set forth in over twenty pages of the sentencing transcript.

We review a "trial court's 'sentencing determination under a deferential standard of review.'" State v. Grate, 220 N.J. 317, 337 (2015) (quoting State v Lawless, 214 N.J. 594, 606 (2013)). We may "not substitute [our] judgment for the judgment of the sentencing court." Lawless, 214 N.J. at 606. We must affirm a sentence if: (1) the trial court followed the sentencing guidelines; (2) its findings of fact and application of aggravating and mitigating factors were based on competent, credible evidence in the record; and (3) the application of the law to the facts does not "shock[] the judicial conscience." State v. Bolvito, 217 N.J. 221, 228 (2014) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).

A-4395-15T4

Judge Smith followed the four-step process in imposing the persistent offender extended term, N.J.S.A. 2C:44-3;[3] he (1) determined whether the minimum statutory predicates were met; (2) decided whether to impose an extended term; (3) weighed aggravating and mitigating factors to determine the base term of the extended sentence; and (4) determined whether to impose a parole ineligibility period. See State v. Pierce, 188 N.J. 155, 164 (2006). Notably, the judge based the extended term on only two of defendant's nine prior indictable convictions in order to, in Judge Smith's words, "avoid double counting."

Defendant's other prior indictable convictions certainly factored into the judge's finding of aggravating factors: three, N.J.S.A. 2C:44-1(a)(3) (risk of defendant committing another offense); six, N.J.S.A. 2C:44-1(a)(6) (extent of defendant's prior criminal record and seriousness of the offenses of which he has been convicted); and nine, N.J.S.A. 2C:44-1(a)(9) (need to deter defendant and others from violating the law). But he also considered in finding aggravating factor three: defendant's ten non-indictable convictions; nine violations of probation or parole, and the intensive supervision program; and that defendant was on bail for "two other similar CDS and weapons offenses when

---

[3] Defendant does not challenge that he was persistent-term eligible under the statutory criteria.

he was arrested" for these crimes. In finding aggravating factor six he noted defendant's "virtually nonstop" drug activity after his first indictable conviction and the escalating nature of defendant's convictions from CDS possession to the certain persons charge. The judge found aggravating factor nine, in part, because defendant continued to reoffend despite the imposition of state prison terms, some with periods of parole ineligibility.

The judge's findings as to the aggravating factors are buttressed by the record. The concurrent sentences were imposed after Judge Smith balanced defendant's "vast" abysmal criminal history and his involvement with drugs with the glowing reports he received on defendant's behalf. The extended term sentence of fifteen years on the second-degree certain persons count, during half of which defendant is parole ineligible, does not shock the judicial conscience, especially considering that is the aggregate sentence for all crimes.

Our holding renders unnecessary our consideration of defendant's arguments related to waiver of preclusion by defendants who consent to separate trials. Whether or not defendant waived preclusion by agreeing to a separate trial, the State was not precluded from prosecuting the certain persons offense.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4395-15T4