**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3517-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WILLIE RIGGINS,

    Defendant-Appellant.

_____

            Submitted March 6, 2018 — Decided July 12, 2018

            Before Judges Fasciale and Sumners.

            On appeal from Superior Court of New Jersey,
            Law Division, Middlesex County, Indictment
            No. 13-08-1148.

            Joseph E. Krakora, Public Defender, attorney
            for appellant (Jay L. Wilensky, Assistant
            Deputy Public Defender, of counsel and on
            the brief).

            Andrew C. Carey, Middlesex County Prosecutor,
            attorney for respondent (Patrick F. Galdieri,
            II, Assistant Prosecutor, of counsel and on
            the brief).

PER CURIAM

    Tried by a jury, defendant Willie Riggins appeals his

conviction for second-degree robbery, N.J.S.A. 2C:15-1, and his

nine-and-a-half-year prison sentence with an eighty-five percent period of parole ineligibility under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. He argues:

POINT I

THE DEFENDANT'S RIGHT TO DUE PROCESS WAS VIOLATED BY THE TRIAL COURT'S ADMISSION OF AN IMPERMISSIVELY SUGGESTIVE "SHOW-UP" INDENTIFICATION PROCEDURE. U.S CONST., AMEND. XIV; N.J. CONST., ART. 1, PAR. 10.

POINT II

THE STATE COMMITTED A FLAGRANT VIOLATION OF THE PRINCIPLE [SET FORTH IN] STATE V. BANKSTON,[1] AND A SIMILAR HEARSAY VIOLATION, NECESSITATING REVERSAL. U.S. CONST., AMENDS. VI, XIV; N.J. CONST. (1947), ART. 1, PAR. 10[.] (Not Raised Below).

POINT III

THE TRIAL COURT IMPOSED AN EXCESSIVE SENTENCE, NECESSITATING REDUCTION.

A. The Sentence Was Excessive.

B. The Award of Restitution Is Unsupported and Cannot Stand. (Not Raised Below).

For the reasons that follow, we affirm.

We discern the following relevant facts from the record. At approximately 2:25 a.m., the victim was walking home in Perth Amboy when a man grabbed him from behind, wrapped an arm around his neck, and began to choke him. The victim attempted to break

---

[1] 63 N.J. 263 (1973).

free and eventually fell to the ground after his assailant released him. The assailant then reached into his pants pocket to take his cellphone and wallet. Prior to the assault, a nearby store's surveillance camera recorded the assailant running to the victim from behind the victim.

The victim immediately went home where he called 911 and described the incident to the dispatcher. Perth Amboy Officer John Marcinko was then dispatched to the victim's home to investigate. After the victim told Marcinko that his assailant was an African-American man in his thirties wearing gray jean-type pants, a blue t-shirt, and "some type of hat on his head," Marcinko broadcasted the description over the police radio. The victim gave Marcinko the earbud headphones that he reportedly grabbed from his assailant during the assault. While canvassing the area for a person matching the broadcasted description, Officer Omar Rivera was informed by his sergeant that a suspect was spotted near a gas station. The suspect, identified as defendant, was approached and detained by the police for a show-up identification before the victim. At the show-up, the victim confirmed that defendant was his assailant. Marcinko then confiscated defendant's shirt that had what appeared to be "a very fresh rip," his MP3 player — without any headphones — from

his pocket, and his durag.[2]  Neither the victim's cellphone nor his wallet were found.  Subsequent DNA testing of the earbud headphones turned over by the victim revealed a mixture of DNA profiles, with defendant as the source of the major DNA profile.

Prior to trial, defendant filed a motion to suppress the victim's out-of-court identification and requested a Wade[3] hearing.  The hearing, conducted over the course of three separate days, resulted in the trial judge issuing an order denying defendant's motion.  During the trial, without objection, Marcinko testified that he went to the victim's house based upon a report of a "robbery" and detailed the victim's description of the assailant.  The jury found defendant guilty of second-degree robbery.  Thereafter, as noted, defendant was sentenced to a nine-and-a-half-year NERA prison term.

Defendant's argument in his first point involves the judge's denial of his motion to suppress the victim's out-of-court show-up identification.  Citing State v. Henderson, 208 N.J. 208, 289 (2011), defendant maintains that he "demonstrated a very substantial likelihood of irreparable misidentification," because the victim was not given any instructions by the police

---

[2]  A cloth material worn to cover one's head to produce a "wave" hairstyle.

[3]  United States v. Wade, 388 U.S. 218 (1967).

other than to indicate if he was his assailant. Defendant acknowledges that while a show-up identification is not automatically deemed impermissibly suggestive, the probability of suggestiveness is enhanced because the police only relayed information to the victim that could "influence[] [him] to develop a firmer resolve to identify someone he might otherwise have been uncertain was the culprit." State v. Herrera, 187 N.J. 493, 506 (2006). Defendant claims the weight of the evidence compelled the conclusion that the victim was not told that he — the apprehended suspect — might not be his assailant. Despite Marcinko's testimony that the victim was told[4] before viewing defendant in the show-up, that he "may or may not have been the person who robbed him," defendant also recited that both Rivera and the victim reported that no such instruction was given. We are unpersuaded.

In a well-reasoned memorandum accompanying the order denying defendant's motion, the trial judge found the testimony of Marcinko and Rivera "to be reasonable and credible." The judge further found that the victim testified credibly and "appeared to have a strong recollection of the incident." The judge determined that under the totality of the circumstances, defendant did not meet his burden to show a very substantial

---

[4] In Spanish because of his limited English.

likelihood of irreparable misidentification. Although the judge recognized Rivera denied providing a pre-identification instruction to the victim, and that the victim did not recall receiving one, the show-up worksheet notes that pre-identification instructions were given. Hence, we affirm substantially for the reasons stated by the judge in his memorandum. We add the following brief comments.

A show-up identification is essentially a single-person lineup that occurs at, or near the scene of the crime shortly after its commission. Henderson, 208 N.J. at 259. The circumstances of a show-up identification are, to some extent, inherently suggestive. State v. Adams, 194 N.J. 186, 204 (2008). Nonetheless, a show-up identification may be admitted at trial if it is otherwise reliable. Ibid. When reviewing an order denying a motion to bar an out-of-court identification, our standard of review "is no different from our review of a trial court's findings in any non-jury case." State v. Wright, 444 N.J. Super. 347, 356 (App. Div. 2016) (citing State v. Johnson, 42 N.J. 146, 161 (1964)). We accept those findings of the trial court that are "supported by sufficient credible evidence in the record." State v. Gamble, 218 N.J. 412, 424 (2014) (citing State v. Elders, 192 N.J. 224, 243 (2007)).

Accordingly, we see nothing in the record that establishes the show-up was impermissibly suggestive.

In his second point, defendant claims the State elicited direct testimony — on two occasions — from Marcinko that violated the long-standing principles set forth in Bankston and our rules against hearsay. Defendant asserts the first violation occurred after Marcinko was asked: "Now, there was a situation that you responded to that occurred at about 2:25 a.m., correct?" When he responded yes, he was asked: "And . . . what was that dispatch?" Marcinko replied: "It was a . . . robbery that had just occurred." Defendant asserts that shortly thereafter, another violation occurred when Marcinko repeated the victim's description of the assailant. Defendant argues Marcinko's testimony constitutes a Bankston violation because he provided "specific, rather than generalized, hearsay information as the basis for [the] police action." He further adds that the description of the assailant is hearsay and unsupported by any recognized exception to N.J.R.E. 802. Recognizing that the plain error standard applies because no objection was made at trial, defendant urges these violations were highly prejudicial.

We conclude defendant's reliance upon Bankston and our hearsay rules are misplaced. In Bankston, our Supreme Court held that "[w]hen the logical implication to be drawn from the

testimony leads the jury to believe that a <u>non-testifying witness has given the police evidence of the accused's guilt</u>, the testimony should be disallowed as hearsay." <u>Bankston</u>, 63 N.J. at 271 (emphasis added). Here, the testimony in question did not involve a non-testifying witness. The victim testified on behalf of the State and was vigorously cross-examined by defense counsel, who did not challenge that a confrontation occurred between the victim and defendant, but sought to show that no assault or robbery occurred. This probably explains why there was no objection to Marcinko's testimony being questioned. Moreover, Marcinko's comments neither reiterated the specifics of the robbery nor implied that defendant committed the crime. Marcinko merely stated why he was dispatched to the victim's home and revealed the victim's description of the assailant to explain what led the police to identify defendant as a suspect and the victim's show-up identification. The testimony therefore was not a hearsay violation because it was not offered "to prove the truth of the matter asserted." N.J.R.E. 801(c). Consequently, no plain error exists that brought about "an unjust result and which substantially prejudiced . . . defendant's fundamental right to have the jury fairly evaluate the merits of his defense." <u>State v. Timmendequas</u>, 161 N.J.

515, 576-77 (1999) (quoting State v. Irving, 114 N.J. 427, 444 (1989)).

Lastly, in his third point, defendant contends he received an excessive sentence necessitating reduction. He argues that none of his prior offenses have been greater than the third degree, and without minimizing the severity of the robbery, he notes that the physical harm to the victim was minimal and there was no evidence he had any intent to inflict injury upon the victim. Defendant's argument is without sufficient merit to warrant discussion in this written opinion. R. 2:11-3(e)(2). We add the following brief comments.

We review a "trial court's 'sentencing determination under a deferential standard of review.'" State v. Grate, 220 N.J. 317, 337 (2015) (quoting State v. Lawless, 214 N.J. 594, 606 (2013)). We may "not substitute [our] judgment for the judgment of the sentencing court." Lawless, 214 N.J. at 606. We must affirm a sentence if: (1) the trial judge followed the sentencing guidelines; (2) the findings of fact and application of aggravating and mitigating factors were "based upon competent, credible evidence in the record"; and (3) the application of the law to the facts does not "shock[] the judicial conscience." State v. Bolvito, 217 N.J. 221, 228 (2014) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).

Consequently, we are unpersuaded that the judge erred in sentencing defendant; the record supports the judge's findings and the sentence does not shock our judicial conscience.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3517-15T2