**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5510-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WILLIAN G. KING, a/k/a
WILLIAM G. KING,

    Defendant-Appellant.

_____

Submitted December 19, 2018 – Decided January 10, 2019

Before Judges Fuentes and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Accusation No. 17-07-0612.

Joseph E. Krakora, Public Defender, attorney for appellant (Al Glimis, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Carol M. Henderson, Assistant Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Willian G. King appeals from the five-year sentence with a two-and-one-half year period of parole ineligibility that was imposed following his guilty plea to third-degree possession with intent to distribute cocaine in violation of N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3). We affirm.

Defendant presents the following arguments for our consideration:

POINT I

THE IMPOSITION OF A DISCRETIONARY PERIOD OF PAROLE INELIGIBILITY IS UNCONSTITUTIONAL PURSUANT TO ALLEYNE[1] AND MUST BE STRICKEN BY THIS COURT. THE NEW JERSEY SUPREME COURT RECENTLY GRANTED CERTIFICATION TO DECIDE WHETHER THE TYPE OF PAROLE DISQUALIFIER IMPOSED IN THIS CASE IS UNCONSTITUTIONAL PURSUANT TO ALLEYNE.

A. Alleyne's Edict That Any Fact That Increases The Mandatory Minimum Is An "Element" That Must Be Submitted To The Jury Appl[i]es To Periods of Parole Ineligibility.

B. Mr. King's Sentence.

POINT II

IN THE ALTERNATIVE, THIS MATTER SHOULD BE REMANDED FOR RESENTENCING BECAUSE THE SENTENCING COURT FAILED TO ENGAGE IN A QUALITATIVE ANALYSIS OF THE

---

[1] Alleyne v. United States, 570 U.S. 99 (2013).

A-5510-16T3

SENTENCING FACTORS IT FOUND; A REMAND IS ALSO REQUIRED TO CORRECT THE JUDGMENT OF CONVICTION.

We find defendant's substantive arguments to be without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(2), and offer only the following brief comments.

Defendant argues the court's imposition of a period of parole ineligibility under N.J.S.A. 2C:43-6(b) is unconstitutional because it deprived him of his Sixth Amendment right to a trial by jury. Our Supreme Court rejected the identical argument in State v. Kiriakakis, __ N.J. __, __ (2018) (slip op. at 2-4), and we find no basis to depart from that ruling here.

Defendant's contention that the court erred by failing to conduct a qualitative assessment of the aggravating and mitigating factors under N.J.S.A. 2C:44-1(a) and (b) is belied by the record. The court found aggravating factors three, the risk defendant would commit another offense, N.J.S.A. 2C:44-1(a)(3); six, the extent and seriousness of defendant's prior record, N.J.S.A. 2C:44-1(a)(6); and nine, the need to deter defendant and others from violating the law, N.J.S.A. 2C:44-1(a)(9), and gave each "significant and great weight." The court did not find any mitigating factors, see N.J.S.A. 2C:44-1(b)(1) to (13), and determined the aggravating factors "substantially outweigh[ed] the

A-5510-16T3

[nonexistent] mitigating" factors. We affirm the sentence because the trial court followed the sentencing guidelines, its findings of fact and application of aggravating and mitigating factors is based on competent, credible evidence, and its "'application of the sentencing guidelines to the facts" does not "shock[] the judicial conscience." State v. Bolvito, 217 N.J. 221, 228 (2014) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).

We last reject defendant's claim that the judgment of conviction should be amended because it erroneously lists his first name as "Willian," instead of "William." The record is devoid of any evidence supporting the assertion. Defendant may present evidence supporting the claim to the trial court and request an amendment of the judgment of conviction.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5510-16T3