# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2882-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CLARK GILLIAM,

    Defendant-Appellant.

_____

Submitted October 2, 2018 – Decided March 26, 2019

Before Judges Suter and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 16-05-0346.

Joseph E. Krakora, Public Defender, attorney for appellant (Laura B. Lasota, Assistant Deputy Public Defender, of counsel and on the brief).

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (Meredith L. Balo, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Clark Gilliam appeals his judgment of conviction claiming the court deprived him of a fair trial by dismissing a juror while the jury was deliberating and substituting an alternate. He also claims there were several errors made in connection with his sentence. While we affirm defendant's conviction and sentence, we vacate the Sex Crime Victim Treatment Fund penalty (SCVTF) and remand that issue to the trial court for an ability to pay hearing. On remand, the court also should place the sentence for count two on the record to conform it to the judgment of conviction.

I

We review the pertinent facts. Defendant had a dating relationship with A.D.'s mother and later moved in with her and her children. A.D. testified that defendant began to sexually assault her when she was six-years old. After he moved in, the sexual abuse that included oral, anal and unprotected vaginal sex, happened "mostly every day" for the next several years. When A.D. was thirteen, she became pregnant. The State presented evidence from a forensic scientist that DNA testing of the fetus that was terminated at fifteen weeks revealed defendant was the biological father "within a reasonable degree of scientific certainty."

A-2882-16T3

Defendant was indicted on three counts: first-degree aggravated sexual assault on diverse dates from October 6, 2006 to October 5, 2013, when A.D. was less than thirteen years old, N.J.S.A. 2C:14-2(a)(1) (count one); first-degree aggravated sexual assault on diverse dates from October 6, 2013 to December 21, 2013, when A.D. was at least thirteen but less than sixteen years old and defendant was her guardian or in loco parentis, N.J.S.A. 2C:14-2(a)(2)(c) (count two); and endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (count three). He was convicted by a jury on the first count of the lesser included offense of second-degree sexual assault when A.D. was less than thirteen, N.J.S.A. 2C:14-2(b). He also was convicted on counts two and three. Defendant was sentenced to two consecutive terms of imprisonment: a ten-year term on amended count one subject to an eighty-five percent period of parole ineligibility under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, followed by three years of parole supervision when released; and a twenty-year term for count two also subject to NERA with a five year period of parole supervision. The endangerment count was merged with count two. Defendant was ordered not to have contact with the victim, to register and comply with Megan's Law[1] for life,

---

[1] N.J.S.A. 2C:7-1 to -23.

A-2882-16T3

parole supervision for life and to pay a $3000 penalty to the SCVTF and other penalties and assessments that are not challenged here.

On appeal, defendant raises these issues:

POINT I

NOTWITHSTANDING HIS DOCTOR'S APPOINTMENT, JUROR NUMBER TWELVE WAS CLEARLY ABLE TO CONTINUE DELIBERATING, SO THE JUDGE ERRED IN REMOVING HIM FROM THE JURY IN VIOLATION OF RULE 1:8-2(D) (1).

POINT II

THE AGGREGATE SENTENCE IMPOSED, WHICH CONSISTED OF MAXIMUM, CONSECUTIVE TERMS, WAS MANIFESTLY EXCESSIVE, BASED ON IMPROPER DOUBLE-COUNTING OF THE ELEMENTS OF THE OFFENSES AS AGGRAVATING FACTORS, AND MUST BE REDUCED. ADDITIONALLY, THE SENTENCING COURT ERRED IN IMPOSING THE MAXIMUM SEX CRIME VICTIM TREATMENT FUND PENALTY, AND FAILED TO PROVIDE ADEQUATE REASONING FOR THE SENTENCE IT IMPOSED.

II

A

Defendant claims the court violated Rule 1:8-2(d)(1) by dismissing a deliberating juror and replacing him with an alternate juror. The jury deliberated beginning on Wednesday, June 15, 2016, for approximately one and one-half

4                                                                  A-2882-16T3

hours. On Thursday, the jury deliberated all day but part of that time was listening to the requested playbacks of A.D. and her mother's testimony. At the end of the day on Thursday, the court inquired whether they intended to stay after 4:30 p.m. or return on Friday. The jury advised by note that they wanted to continue deliberations on Friday but Juror Twelve could not because of a scheduled doctor's appointment. Juror Twelve told the court he had an appointment with a neurospecialist for a serious eye condition that already had been rescheduled once and could not be rescheduled. Defense counsel suggested adjourning deliberations until Monday, but when the court inquired of the jurors about that, another juror could not be there because he had no one that day to watch his four dogs. Defendant objected to dismissing Juror Twelve, arguing that jury deliberations had continued too far. Nonetheless, the court dismissed Juror Twelve, and substituted an alternate juror. The court found the jury's deliberation to that point was "very minimal . . . when you add time for lunch and . . . when you add time for the breaks they took and when you add the times for the readback, they're just very minimal[]." An alternate juror was

substituted; the jury commenced deliberations on Friday, following instructions by the court.[2]

While the jury was deliberating, defense counsel suggested the court should have inquired about juror availability on Tuesday, June 21, 2016. However, the court recalled that during jury selection, some jurors had problems for that week. The court calculated that the original jury had deliberated a total of five and one half hours prior to dismissing Juror Twelve because of the time used for read backs and breaks. The jury returned a verdict by mid-afternoon on Friday, June 17, 2016.

"We traditionally have accorded trial courts deference in exercising control over matters pertaining to the jury." State v. R.D., 169 N.J. 551, 559-60 (2001). The decision by a trial court to dismiss a juror from a deliberating jury and substitute an alternate is reviewed for abuse of discretion. See State v. Musa, 222 N.J. 554, 564-65 (2015); see also State v. Williams, 171 N.J. 151, 156 (2002). The issue is whether the court's actions impaired defendant's right "to be tried before an impartial jury." See State v. Brown, 442 N.J. Super. 154, 179 (App. Div. 2015) (quoting State v. Loftin, 191 N.J. 172, 187 (2007)). The

---

[2] Defendant does not challenge the instructions given to the reconstituted jury by the court.

A-2882-16T3

substitution of a juror during deliberations "poses a clear potential for prejudicing the integrity of the jury's deliberative process." State v. Hightower, 146 N.J. 239, 254 (1996); see also State v. Valenzuela, 136 N.J. 458, 468-69 (1994).

Rule 1:8-2(d)(1) addresses the issue, providing:

> If the alternate jurors are not discharged and if at any time after submission of the case to the jury, a juror dies or is discharged by the court because of illness or other inability to continue, the court may direct the clerk to draw the name of an alternate juror to take the place of the juror who is deceased or discharged.

In deciding whether to allow the substitution of a juror, a court should consider multiple factors, including:

> the timing of the juror's departure, his or her explanation of the problem prompting the inquiry, and any communications from the jury that may indicate whether deliberations have progressed to the point at which a reconstituted and properly charged jury will be unable to conduct open and mutual deliberations.
>
> [State v. Ross, 218 N.J. 130, 149 (2014).]

To protect the right to a fair jury trial, our Supreme Court has restricted "inability to continue" under Rule 1:8-2(d) to matters that are personal to the juror, and unrelated to his or her interaction with other jurors. State v. Jenkins, 182 N.J. 112, 124-25 (2004); see also Williams, 171 N.J. at 163. "[O]ur courts

have consistently upheld the substitution of an alternate for a juror excused for personal reasons unrelated to the case," Ross, 218 N.J. at 148-49, and that "do[] not pose a threat to the integrity or independence of the deliberative process," Jenkins, 182 N.J. at 124.

Applying these principles, we find no abuse of discretion in the trial court's decision to discharge Juror Twelve. His reason established that the juror's "inability to continue" was purely personal and not related to the deliberative process. The jury had deliberated for a total of five and a half hours. The jury had not advised it had reached an impasse or had any problems or issues during deliberations or that it had reached a decision on any legal or factual issue. It expressed its desire to continue on Friday. Another juror had another personal reason not to attend on Monday. The court acted appropriately under Rule 1:8-2(d)(1) in discharging Juror Twelve for "illness or other inability to continue" and replacing him with an alternate so deliberations could continue.

B

Defendant contends the trial court double-counted elements of the offenses as aggravating factors by referring at his sentencing to the victim's age and defendant's role as her caretaker when the assaults occurred, and then it

8

failed to weigh properly the aggravating and mitigating factors. We do not agree the court abused its discretion.

Our review of sentencing determinations is limited and governed by the "clear abuse of discretion" standard. State v. Roth, 95 N.J. 334, 363 (1984). We are bound to uphold the trial court's sentence, even if we would have reached a different result:

> unless (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found . . . were not based upon competent and credible evidence in the record; or (3) "the application of the guidelines to the facts . . . makes the sentence clearly unreasonable so as to shock the judicial conscience."
>
> [State v. Fuentes, 217 N.J. 57, 70 (2014) (quoting Roth, 95 N.J. at 364-65).]

See also State v. O'Donnell, 117 N.J. 210, 215-16 (1989).

The court found aggravating factors two, three, six and nine and no mitigating factors.[3] For factor two (gravity and seriousness of harm inflicted on the victim), the court did consider the victim's age, which also was an element of the offenses, but then took into consideration that A.D. was harmed because "obviously she got pregnant," and the abuse started "when the little girl was six-years old and continued for years on a regular basis day after day, week after

---

[3] N.J.S.A. 2C:44-1(a)(2), (3), (6) and (9); N.J.S.A. 2C:44-1(b).

week, month after month."  Under State v. Taylor, a case involving sexual abuse of a victim under thirteen, we said that "[t]he extreme youth of the victim was a proper aggravating factor to have been considered by the court."  226 N.J. Super. 441, 453 (App. Div. 1988).  Thus, consideration of A.D.'s age did not constitute double-counting because both her young age and subsequent pregnancy were separate harms that defendant inflicted on his victim.

For aggravating factor three (risk of re-offense), six (prior criminal record) and nine (need for deterrence), the court considered there was a risk defendant would re-offend and need to deter because of his history of sexual assaults "going back into juvenile and going back into adult years."  He had three prior convictions as an adult and an extensive juvenile record.  His juvenile record included sexual offenses.  The court found no mitigating factors even though the defendant urged the court to consider defendant's past family history. Rather, in weighing the factors, the court was "clearly convinced under the[] facts and circumstances of this case[,] the years and years and the brutality with which this went on and the prior record that aggravating . . . [f]actors [two, three, six and nine] substantially outweigh[ed] no mitigating factors."  The court's analysis of the aggravating and mitigating factors was based on competent and credible evidence in the record.

A-2882-16T3

Defendant challenges the consecutive nature of his sentences, arguing that the court failed to analyze the evidence under State v. Yarbough, 100 N.J. 627 (1985), or to provide its reasons. We find no error in the court's application and analysis of Yarbough. The court gave consideration to whether this was just "one continuous course of conduct," but concluded the offenses "cover two different time periods, two different statutes." This was a reference to the indictment where in count one, defendant was charged with sexual assault from October 5, 2006 to October 5, 2013, when A.D. was under thirteen, and in count two from October 6, 2013 to December 31, 2013, when defendant was thirteen but under sixteen. Because there was evidence of sexual assaults over a seven-year period occurring on a daily basis when A.D. was under thirteen and again when she was between thirteen and sixteen, we find no error in treating these as independent time periods based on the victim's age, just as it was charged. See State v. T.E., 342 N.J. Super. 14, 37 (App. Div. 2001) (allowing consecutive sentences for aggravated sexual assault and endangering the welfare of a child because of the added element of parental duty). The record supported that the assaults were separate acts, but the indictment grouped them in two categories to reflect A.D.'s age at the time of the offenses and defendant's role as a guardian or caretaker. We conclude the court properly exercised its discretion on this

record in sentencing defendant to consecutive sentences. In addition, we discern no reason to disturb the sentences imposed. They were appropriately explained and do not "shock the judicial conscience." State v. Case, 220 N.J. 49, 65 (2014) (quoting Roth, 95 N.J. at 365). See Fuentes, 217 N.J. at 70.

That said, the court erred in its assessment of the SCVTF penalty by not considering defendant's ability to pay or by not providing a statement of reasons. State v. Bolvito, 217 N.J. 221, 234-35 (2014) (providing that a court should consider the defendant's ability to pay and provide a statement of reasons). We are constrained to vacate the SCVTF penalty and remand that issue to the trial court for appropriate consideration. On remand, the court also should make an oral record of the sentence on count two to conform it to the judgment of conviction.

Affirmed in part; vacated and remanded in part for proceedings consistent with the opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-2882-16T3