**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2046-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

PHILLIP C. ATKINSON,
a/k/a PHIL ATKINSON,
and PHILIP ATKINSON,

     Defendant-Appellant.

_____

Submitted December 14, 2020 – Decided June 11, 2021

Before Judges Messano and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 18-02-0156.

Joseph E. Krakora, Public Defender, attorney for appellant (Joshua D. Sanders, Assistant Deputy Public Defender, of counsel and on the brief).

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (Gretchen A. Pickering, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After a jury trial, defendant Phillip Atkinson was convicted of third-degree theft by unlawful taking, pursuant to N.J.S.A. 2C:20-3(a). The trial court sentenced defendant to a seven-year term of incarceration. Defendant raises two issues on appeal, challenging a supplemental charge given by the trial court on theft and contending that his sentence is excessive. For the reasons set forth, we affirm.

I.

Christina Voncolln left her sister's apartment complex to go to Atlantic City. She was carrying a gray and black wristlet (a wallet with a strap that hangs from the wrist). The wristlet contained credit cards, bank cards, pictures of her children, and one hundred and ninety dollars. As Ms. Voncolln walked down the stairs from her sister's apartment, she heard a noise and saw defendant. She asked defendant what he was doing, after which defendant ripped the wristlet off her arm and ran down the stairs. Ms. Voncolln saw defendant's face when he looked back while running. Defendant is the cousin of Ms. Voncolln's child's father. She testified she saw defendant "a lot" prior to January 18, 2018, the day of the incident.

After defendant took the wristlet, Ms. Voncolln told her sister to call the police. Minutes later, police officers arrived at the apartment complex and Ms. Voncolln described the incident to them. She also gave the police a description of the vehicle defendant used to flee from the scene. Later that day, Wildwood police contacted Ms. Voncolln and asked her to ride with them to a stopped vehicle where they performed a show-up identification. While there she identified defendant as the person that took her wristlet. She told the officers she was one hundred percent certain about her identification of defendant. The police found Ms. Voncolln's wristlet on the floor of the seat where defendant sat.

During the charge conference at trial, counsel and the court discussed modifications to the proposed charge, after which counsel informed the court that the charge was acceptable. Defendant did not object to the model supplemental charge on theft, which was included in the final version of the charge.

After summations, the court charged the jury. The supplemental theft charge read as follows:

> If you find Mr. Atkinson was in possession of the wristlet purse within a reasonably short period of time after the theft, you may infer that Mr. Atkinson is the thief. Although possession of stolen property within a

short period of time from the theft is not in and of itself a crime, since it is possible under our law innocently to possess such goods, such possession within a reasonably short time after the theft may be found sufficient by you to infer that the possessor is the thief <u>unless the evidence shows to your satisfaction that the property was acquired by Mr. Atkinson by legal means</u>. Exclusive possession of stolen property shortly after the theft is ordinarily a circumstance from which you may reasonably draw the inference and find in light of the surrounding circumstances shown by the evidence in the case that the possessor is the thief.

[emphasis added.]

The jury acquitted the defendant of robbery, but found him guilty of third-degree theft by unlawful taking. The State moved for an extended term at sentencing. The trial court found defendant qualified for an extended term and sentenced him to seven years imprisonment.

On appeal, defendant makes two arguments:

POINT I:

BECAUSE THE SUPPLEMENTAL CHARGE ON THEFT WAS CONTRARY TO THE PRESUMPTION OF INNOCENCE, REVERSAL AND REMAND FOR A NEW TRIAL IS NECESSARY (NOT RAISED BELOW)

POINT II:

MR. ATKINSON'S SENTENCE IS EXCESSIVE, UNDULY, PUNITIVE, AND MUST BE REDUCED

4

## II.

An essential ingredient of a fair trial is that a jury receive adequate and understandable instructions. Correct instructions are "at the heart of the proper execution of the jury function in a criminal trial." State v. Afanador, 151 N.J. 41, 54 (1997) (quoting State v. Alexander, 136 N.J. 563, 571 (1994)). The instructions must be accurate and provide a "comprehensible explanation of the questions that the jury must determine, including the law of the case applicable to the facts that the jury may find." State v. Singleton, 211 N.J. 157, 181-82 (2012) (quoting State v. Green, 86 N.J. 281, 287-88 (1981)). In assessing the propriety of a jury charge, an appellate court should examine the entire charge to see whether it was ambiguous or whether it misinformed the jury of the law. See State v. Figueroa, 190 N.J. 219, 246 (2007).

When a defendant fails to object to a jury charge at trial, "there is a presumption that the charge was not error and was unlikely to prejudice the defendant's case." Singleton, 211 N.J. at 182. In cases like this, the standard of review is plain error. State v. Nero, 195 N.J. 397, 407 (2008) (citing State v. Chapland, 187 N.J. 275, 288-89 (2006)). "[P]lain error requires demonstration of 'legal impropriety in the charge prejudicially affecting the substantial rights of the defendant and sufficiently grievous to justify notice by the reviewing

A-2046-18

court and to convince the court that of itself the error possessed a clear capacity to bring about an unjust result.'" Ibid. (quoting Chapland, 187 N.J. at 288-89). The alleged error is viewed in totality of the entire charge and the error is considered in light of the strength of the State's overall case. Ibid. (quoting Chapland, 187 N.J. at 288-89).

Defendant argues that the disputed language in the supplemental theft charge is inconsistent with the presumption of innocence. Defendant's theory is that the phrase "unless the evidence shows to your satisfaction that the property was acquired by Mr. Atkinson by legal means" created a presumption against innocence, and that disputed phrase effectively implied defendant was a thief. Defendant argues that because the supplemental jury charge as written is inconsistent with the presumption of innocence, it led to an unjust result and warrants a new trial. We disagree.

The charge the trial court gave the jury contained numerous references to defendant's presumption of innocence as well as the State's burden of proof. The court thoroughly instructed the jury concerning the presumption of defendant's innocence, as well as the State's obligation to prove each element of the charges against defendant beyond a reasonable doubt. In addition to viewing the disputed supplemental charge in the totality of the entire charge, we evaluate the

strength of the State's case. Nero, 195 N.J. at 407. The record shows Ms. Voncolln knew defendant from previous family contact. Ms. Voncolln saw defendant's face immediately after he took her wristlet. Ms. Voncolln identified defendant at a show-up identification shortly after the theft. Finally, the police found Ms. Voncolln's wristlet in the vehicle they stopped and subsequently searched. On this record, taking the jury instructions as a whole against the backdrop of proofs presented, we find no error clearly capable of producing an unjust result. Nero, 195 N.J. at 407 (citation omitted).

## III.

"An appellate court's review of a sentencing court's imposition of sentence is guided by an abuse of discretion standard." State v. Jones, 232 N.J. 308, 318 (2018). A sentencing court must first "determine whether the minimum statutory eligibility requirements for an extended-term sentence are present." State v. Pierce, 188 N.J. 155, 169 (2006); see also State v. Tillery, 238 N.J. 293, 323 (2019). "[O]nce the court finds that those statutory eligibility requirements are met, the maximum sentence to which defendant may be subject . . . is the top of the extended-term [sentencing] range." Pierce, 188 N.J. at 169; see also Tillery, 238 N.J. at 324. "On appellate review, [we] apply an abuse of discretion

standard to the sentencing court's explanation for its sentencing decision within the entire [sentencing] range." Pierce, 188 N.J. at 169-70.

> Appellate courts must affirm the sentence of a trial court unless: (1) the sentencing guidelines were violated; (2) the findings of aggravating and mitigating factors were not "based upon competent credible evidence in the record;" or (3) "the application of the guidelines to the facts" of the case "shock[s] the judicial conscience."
>
> [State v. Bolvito, 217 N.J. 221, 228 (2014) (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).]

N.J.S.A. 2C:44-3(a), grants the sentencing court discretion to impose an extended sentence when the court finds that defendant is a persistent offender. Pierce, 188 N.J. at 161. The prerequisites are:

> The defendant has been convicted of a crime of the first, second or third degree and is a persistent offender. A persistent offender is a person who at the time of the commission of the crime is 21 years of age or over, who has been previously convicted on at least two separate occasions of two crimes, committed at different times, when he was at least 18 years of age, if the latest in time of these crimes or the date of the defendant's last release from confinement, whichever is later, is within 10 years of the date of the crime for which the defendant is being sentenced.
>
> [N.J.S.A. 2C:44-3(a).]

Further, "[i]n the case of a crime of the third-degree," the court has discretion to sentence individuals between three years and five years. N.J.S.A. 2C:43-6. However, individuals convicted of a third-degree crime who are eligible for an extended term may be sentenced up to ten years. See N.J.S.A. 2C:43-7(a)(4); see also Pierce, 188 N.J. at 169.

Defendant argues that his sentence was excessive, unduly punitive, and must be reduced. He further argues that his prior criminal history is not proportionate to the sentence that he received.

The trial court followed the statutory guidelines. It cited defendant's substantial criminal history,[1] incorporated its own trial observations, and declared defendant a persistent offender who qualified for an extended term. Defendant conceded his eligibility for persistent offender status during argument at sentencing.

There is substantial evidence in the record to support the trial court's findings of aggravating and mitigating factors set forth in its comprehensive oral opinion at sentencing. Where a judge has followed the sentencing guidelines,

---

[1] In 1998, defendant pled guilty to first-degree robbery. In 2006, defendant was convicted of third-degree possession of a controlled drug substance. In 2009, defendant was convicted of third-degree possession with intent to distribute CDS. In 2014, he was convicted of third-degree possession of CDS.

and her findings of aggravating and mitigating factors are supported by the record, we will only reverse if the sentence "shocks the judicial conscience" in light of the particular facts of the case. Roth, 95 N.J. at 364. "Defendant's sentence[], albeit lengthy, [does] not cross that threshold." State v. Cassady, 198 N.J. 165, 184 (2009).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2046-18