**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1451-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KEITH V. CUFF,
a/k/a KEITH CUFF, and
KEITH V. CUFF, JR.,

     Defendant-Appellant.

_____

Argued January 5, 2022 – Decided March 31, 2022

Before Judges Gilson, Gooden Brown, and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 13-05-1446.

Tamar Y. Lerer, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Tamar Y. Lerer, of counsel and on the briefs).

Daniel Finkelstein, Deputy Attorney General, argued the cause for respondent (Andrew J. Bruck, Acting Attorney General, attorney; Catlin A. Davis, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

This is defendant Keith Cuff's second appeal. A jury convicted defendant of multiple crimes arising from several home invasions, robberies, kidnappings, and the theft of a vehicle. Defendant was originally sentenced to an aggregate prison term of ninety-eight years, with more than sixty-six years of parole ineligibility.

The New Jersey Supreme Court affirmed defendant's convictions, vacated his sentence, and remanded for resentencing. State v. Cuff, 239 N.J. 321, 350-52 (2019). The Court directed the trial court to reconsider certain consecutive sentences and the overall fairness of the aggregate sentence. Ibid. On remand, defendant was sentenced to an aggregate prison term of seventy years, with just under fifty-eight years of parole ineligibility. In this second appeal, defendant challenges his sentence, arguing that it is a de facto life sentence that is excessive. Because the trial court followed the Supreme Court's instructions in resentencing defendant, and because we cannot say the resulting aggregate sentence shocks our judicial conscience given the multiple crimes committed by defendant, we affirm.

A-1451-20

I.

The Supreme Court and we have detailed the facts and procedural history in prior opinions. Accordingly, we will summarize only the facts relevant to this appeal, focusing on defendant's convictions and sentences.

Defendant was indicted for fifty-five crimes arising out of six incidents: five residential robberies and the stop of a stolen vehicle. The jury convicted defendant of nineteen offenses related to four of those incidents: three of the robberies and the stolen vehicle. Specifically, defendant was convicted of two counts of first-degree armed robbery, N.J.S.A. 2C:15-1; three counts of first-degree kidnapping, N.J.S.A. 2C:13-1(b)(1); one count of second-degree conspiracy to commit armed robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1; two counts of second-degree conspiracy to commit "robbery and/or kidnapping," N.J.S.A. 2C:5-2, N.J.S.A. 2C:15-1, and N.J.S.A. 2C:13-1(b)(1) (counts fifteen and forty-six); three counts of second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); two counts of second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4; one count of second-degree burglary, N.J.S.A. 2C:18-2; two counts of fourth-degree aggravated assault with a firearm, N.J.S.A. 2C:12-1(b)(4); two counts of fourth-degree unlawful taking of means

of conveyance, N.J.S.A. 2C:20-10; and a disorderly persons offense of false imprisonment, N.J.S.A. 2C:13-3.

On defendant's first appeal, we affirmed his convictions except for the two convictions for second-degree conspiracy to commit "robbery and/or kidnapping." State v. Cuff, No. A-4419-15 (App. Div. Feb 2, 2018) (slip op. at 2). We held that the use of "and/or" could have led to jury confusion and a non-unanimous verdict on counts fifteen and forty-six. Ibid. We, therefore, vacated those convictions. Ibid. We then affirmed the remaining sentences. Id. at 10.

The Supreme Court accepted certification to address two issues: (1) the failure to include a question concerning the lesser-included offense of second-degree kidnapping on the verdict sheet; and (2) the sentence. Cuff, 239 N.J. at 329-30. The Court affirmed defendant's three convictions of first-degree kidnapping, holding that the omission of the question concerning second-degree kidnapping from the verdict sheet was not plain error. Id. at 346-47.

The Court then addressed defendant's sentences. The Court did not find any of the individual sentences excessive. Id. at 350. Instead, the Court focused on whether certain sentences should have been run concurrently rather than consecutively. Given our ruling vacating the convictions for second-degree conspiracy to commit "robbery and/or kidnapping," the Court evaluated the

three separate criminal episodes giving rise to defendant's remaining seventeen convictions.  Id. at 349-52.  Those criminal episodes included:  (1) a robbery and kidnappings at a home on February 28, 2011; (2) a robbery and theft of a car committed at a home on March 3, 2011; and (3) an incident on March 29, 2011, involving the stop of a car, which turned out to be a stolen car and where weapons were discovered.  Id. at 334.

The Court found the evidence supported the trial court's findings that the crimes "were independent of one another," involved distinct objectives and "separate acts of violence or threats of violence," and "were committed at different times and in different locations."  Id. at 349.  Accordingly, the Court affirmed the trial court's decision to run the sentences from those different episodes consecutively.  Ibid.

The Court then held:  "In sentencing defendant to consecutive terms for offenses committed within a single criminal episode, however, the trial court set forth findings that do not satisfy [State v. Yarbough, 100 N.J. 627 (1985)], warranting a remand for resentencing with respect to those offenses."  Id. at 350. The Court identified four specific convictions for the trial court to reconsider: (1) defendant's conviction for second-degree unlawful possession of a weapon in connection with the February 28, 2011 incident; (2) the sentence for second-

degree unlawful possession of a weapon in connection with the March 3, 2011 incident; and (3 & 4) the sentences for second-degree unlawful possession of a weapon and fourth-degree unlawful taking of a means of conveyance, both arising out of the March 29, 2011 incident. Id. at 350-52. In addition, the Court directed the trial court to reconsider the overall fairness of defendant's sentence. Id. at 352.

On January 24, 2020, the trial court conducted a hearing and resentenced defendant. In connection with the resentencing, the State agreed to dismiss counts fifteen and forty-six, which were the two charges of second-degree conspiracy to commit "robbery and/or kidnapping." Accordingly, defendant was resentenced on seventeen convictions.

In imposing the new sentences, the trial court reviewed and analyzed defendant's multiple convictions in relationship to the more limited convictions and pleas of defendant's codefendants. In that analysis, the trial court addressed and rebutted defendant's argument that his sentences were disproportionately high compared to the codefendants' sentences.

The trial court also re-evaluated all the aggravating and mitigating factors. The court found aggravating factors three, the likelihood of reoffending, N.J.S.A. 2C:44-1(a)(3); six, defendant had a criminal record, N.J.S.A. 2C:44-

1(a)(6); and nine, the need for deterrence, N.J.S.A. 2C:44-1(a)(9). The court detailed the facts supporting each of those findings. The court also assessed each of the potential mitigating factors and explained why it found no mitigating factors.

The trial court then reviewed defendant's convictions related to the three criminal episodes that occurred on February 28, 2011, March 3, 2011, and March 29, 2011. The court detailed these incidents, explaining that the February 28, 2011 incident involved a home invasion; the kidnapping of three victims, two of whom were teenage girls; and a robbery. The court found that the victims were independently traumatized and that it was, therefore, appropriate to run the sentences for the convictions of two of the three kidnappings and the robbery consecutively. Evaluating the convictions related to the crimes from the March 3, 2011 and the March 29, 2011 incidents and applying the Yarbough factors to them, the court found that those incidents were separate and independent and consequently the sentences from those episodes should run consecutively.

The trial court then conducted a separate and detailed Yarbough analysis of the sentences related to each of the convictions within the three incidents. The trial court reassessed the four specific sentences identified by the Supreme Court and, in three sentences, imposed a concurrent sentence and reduced the

A-1451-20

sentence on the fourth conviction. Accordingly, the sentences for the convictions on counts three, eight, and forty-five, which had been consecutive at the first sentence, were reconsidered and were run concurrent at the resentencing. The sentence on count seven was reduced from eight years with four years of parole ineligibility to six years with forty-two months of parole ineligibility. In addition, the court changed the sentence on count five from consecutive to concurrent.

The trial court also considered the overall fairness of the sentence. The trial court found that given that defendant had been convicted of five first-degree crimes arising out of three separate criminal episodes, the overall sentence was seventy years with almost fifty-eight years of parole ineligibility. The trial court reasoned that the lengthy sentence was consistent with Yarbough's charge that there are no free crimes and the mandatory nature of parole ineligibility imposed under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

In remanding the matter for resentencing, the Supreme Court retained jurisdiction. Cuff, 239 N.J. at 353. On December 8, 2020, the Court issued an order relinquishing jurisdiction and providing that any challenge to the sentence imposed on remand could be filed with this court. Defendant now appeals from the judgment of conviction entered after his resentencing.

8

## II.

On this second appeal, defendant argues that his sentence is a de facto life sentence. Procedurally, he challenges the resentences, contending that the trial court failed to appropriately evaluate the various sentencing factors. Substantively, he contends that the resentence is excessive. Defendant articulates those arguments as follows:

> THE 70-YEAR SENTENCE WITH 57.9 YEARS OF PAROLE INELIGIBILITY, A DE FACTO LIFE SENTENCE, IS EXCESSIVE.
>
> A. Procedurally, The Trial Court Again Failed To Weigh Sentencing Factors Appropriately.
>
> > 1. The trial court overweighed defendant's prior record and failed to sufficiently take his rehabilitative efforts into account when assessing aggravating and mitigating factors.
> >
> > 2. The trial court gave insufficient attention to the fact that these crimes occurred in an aberrant spree in defendant's life.
>
> B. Substantively, The Trial Court's Revised Sentence Remains Manifestly Excessive.
>
> > 1. Courts have a responsibility to ensure that aggregate sentences are not excessive.

9

2. This sentence is much longer than necessary to incapacitate.

3. This sentence is much longer than necessary to deter.

4. This sentence is much longer than necessary to rehabilitate.

5. This sentence is much longer than necessary to further the goal of retribution.

An appellate court's standard of review of a sentence is well-established and deferential. Cuff, 239 N.J. at 347 (citing State v. Fuentes, 217 N.J. 57, 70 (2014)). We will affirm a trial court's sentence unless: "(1) the sentencing guidelines were violated; (2) the findings of aggravating and mitigating factors were not 'based upon competent credible evidence in the record;' or (3) 'the application of the guidelines to the facts' of the case 'shock[s] the judicial conscience.'" State v. Bolvito, 217 N.J. 221, 228 (2014) (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).

In its opinion addressing defendant's first appeal, the Supreme Court delineated what a sentencing court must do when imposing consecutive or concurrent sentences for multiple convictions. Cuff, 239 N.J. at 347-348. The Court reiterated that sentencing courts must look to N.J.S.A. 2C:44-5(a) and the case law interpreting that statute. Ibid. The Court also explained that the factors

10

set forth in Yarbough, 100 N.J. at 643-44, continued to be the guiding criteria. Cuff, 239 N.J. at 347-48.

In addition, the Court reiterated that sentencing courts should focus on "the fairness of the overall sentence." Id. at 352 (quoting State v. Miller, 108 N.J. 112, 121 (1987)). The Supreme Court recently emphasized this principle and explained:

> In sum, while the Code is animated by the overarching goal of ensuring "a predictable degree of uniformity in sentencing," uniformity and predictability should not come at the expense of fairness and proportionality. We reiterate the repeated instruction that a sentencing court's decision whether to impose consecutive sentences should retain focus on "the fairness of the overall sentence." Toward that end, the sentencing court's explanation of its evaluation of the fairness of the overall sentence is "a necessary feature in any Yarbough analysis."
>
> [State v. Torres, 246 N.J. 246, 270 (2021) (internal citations omitted).]

In resentencing defendant, the trial court followed all instructions from the Supreme Court. The trial court engaged in a completely new and holistic analysis in resentencing defendant. It detailed defendant's multiple convictions and the three episodes in which defendant's crimes were committed. The court then undertook a Yarbough analysis going through and explaining all the Yarbough factors. The court also undertook a new and comprehensive analysis

11

of the mitigating and aggravating factors.  It detailed the facts supporting its findings of aggravating factors three, six, and nine and the lack of evidence supporting any mitigating factor.  The substantial credible evidence in the record supports the trial court's determination concerning the aggravating factors and the lack of any mitigating factor.

The court also undertook a detailed evaluation of the fairness of the overall sentence.  The court re-evaluated the three criminal episodes and the various crimes committed during each episode.  The court then explained why it was imposing certain sentences consecutively.  In particular, the court focused on why consecutive sentences were warranted for two of the three kidnapping convictions arising out of the incident of February 28, 2011.  Responding to the arguments made by defense counsel, the trial court pointed out the trauma endured by the family whose home had been invaded and during which two teenage girls were tied up.  Their parents arrived home later; were confronted by defendant, who had a gun; and were also tied up.  The court detailed the trauma that those kidnappings inflicted on the family, pointing out that the family had thereafter left the country and the mother could not even appear at the trial.

A-1451-20

At the resentencing, the trial court also explained that the multiple crimes committed by defendant in the three different criminal episodes resulted in a lengthy sentence. The trial court's analysis reflects that the court was not mechanically imposing the sentences. Instead, it was doing just what the Supreme Court directed: it was balancing the Yarbough factor directing that "there can be no free crimes," Yarbough, 100 N.J. at 643, with the need for fairness and proportionality. Cuff, 239 N.J. at 352.

On this appeal, defendant argues that the resentence is a de facto life sentence. We reject that contention. The sentence is the result of a careful evaluation of the sentencing principles set forth in the Criminal Code and case law. Although a seventy-year sentence with almost fifty-eight years of parole ineligibility is lengthy, it is a sentence that accounts for defendant's seventeen convictions, five of which were for first-degree crimes and seven of which were for second-degree crimes.

Defendant also attacks his resentence as procedurally defective, arguing that the trial court again failed to weigh sentencing factors appropriately. He contends that the trial court gave too much weight to his prior record and failed to sufficiently consider his rehabilitative efforts since his first sentencing. The record at the resentencing rebuts those arguments. Contrary to defendant's

contention, the trial court expressly acknowledged defendant's efforts since he had been originally sentenced. Consequently, even though the resentencing took place before the Court issued its decision in State v. Rivera, 249 N.J. 285 (2021), the trial court complied with Rivera's directive that a defendant's youth may be considered as a mitigating factor in sentencing. The court also appropriately considered defendant's criminal record. We discern no abuse of discretion in the court's balancing of those considerations.

We also reject defendant's argument that at the resentencing the trial court failed to sufficiently consider that defendant committed the crimes during several months when he was twenty-four years old. When defendant was resentenced on January 24, 2020, there were thirteen mitigating factors, and the court considered each one. Mitigating factor fourteen, which allows a court to address the impact of youth for a defendant who commits the offense under the age of twenty-six, was made effective by the Legislature on October 19, 2020, and applies to sentencing proceedings held on or after that date. See N.J.S.A. 2C:44-1(b)(14); L. 2020, c. 110; see also Rivera, 249 N.J. at 303-04 (acknowledging mitigating factor was given "immediate effect in all sentencing proceedings on or after October 19, 2020").

Accordingly, mitigating factor fourteen was not applicable at defendant's resentencing. See State v. Bellamy, 468 N.J. Super. 29, 47-48 (App. Div. 2021) (holding that when there is an independent basis to order a new sentencing hearing, mitigating factor fourteen should be applied at the resentencing if it takes place after October 19, 2020). Nevertheless, the trial court acknowledged and evaluated defendant's age, both at the time that the offenses were committed and when he was being resentenced. Defendant was not a juvenile when he committed his multiple crimes, and his sentence did not trigger the special considerations afforded to juveniles. See State v. Comer 249 N.J. 359, 384-85 (2022).

Finally, we reject defendant's argument that his resentence resulted in a manifestly excessive sentence. As we have detailed, defendant's sentence is the result of his conviction for seventeen offenses arising out of three separate criminal episodes. The seventy-year sentence is also the result of the trial court's careful evaluation of the factors for determining which sentences should be consecutive and which should be concurrent. Indeed, the trial court reconsidered and imposed concurrent sentences on three of the four specific sentences identified by the Supreme Court in defendant's first appeal. As the trial court pointed out, defendant's lengthy sentence, and particularly the period

of parole ineligibility, is the result of his multiple first-degree crimes that require mandatory periods of parole ineligibility as prescribed by NERA.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

16

A-1451-20