**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1991-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROCCO MALDONADO,

    Defendant-Appellant.

_____

> Argued October 8, 2025 – Decided October 28, 2025
>
> Before Judges Smith and Berdote Byrne.
>
> On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 10-07-1246.
>
> Rocco Maldonado, appellant, argued the cause pro se.
>
> Samuel Marzarella, Chief Appellate Attorney, argued the cause for respondent (Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent; Samuel Marzarella, on the brief).

PER CURIAM

Defendant, convicted on multiple robbery and weapons charges, appeals from the trial court's denial of his most recent application, a motion to reduce his sentence. For the reasons that follow, we affirm.

I.

A.

We recite the procedural background, using in part the history from defendant's most recent appeal, State v. Maldonado (Maldonado IV), No. A-0004-22 (App. Div. Dec. 27, 2023) (slip op. at 2-3):

> After a trial in 2011, defendant was convicted of two counts of first-degree robbery, N.J.S.A. 2C:15-1, second-degree burglary, N.J.S.A. 2C:18-2, and two fourth-degree weapons charges for possession of a stun gun and an imitation firearm. The trial court imposed an aggregate prison term of forty years, with an eighty-five percent period of parole ineligibility, pursuant to the No Early Release Act, N.J.S.A. 2C:43-7. On direct appeal, we affirmed the conviction and sentence. State v. Maldonado (Maldonado I), No. A-4047-11 (App. Div. Jan. 15, 2015).
>
> [(citations reformatted).]

After defendant's direct appeal, he has since filed three separate petitions for post-conviction relief (PCR). In 2015, defendant filed his first petition which was denied without an evidentiary hearing, and we affirmed on appeal. State v. Maldonado (Maldonado II), No. A-2368-16 (App. Div. Mar. 22, 2018). In 2019,

2

defendant filed his second PCR petition, which was ultimately denied because it was time-barred under Rule 3:22-4(b) and Rule 3:22-12(a)(2). State v. Maldonado (Maldonado III), No. A-2175-19 (App. Div. May 19, 2021). Defendant next filed a motion for a new trial, which was denied. We again affirmed on appeal, concluding that the motion was effectively defendant's third PCR, and was time-barred. Maldonado IV, slip op. at 3, 9.

## B.

On October 27. 2023, defendant's prior 1998 convictions for violations of N.J.S.A. 2C:35-5a(1), 2C:35-10a(3), and 2C:35-5b(11) were expunged. Shortly thereafter, defendant moved to reduce his sentence, arguing that it was based, at least in part, on the now-expunged 1998 convictions. The trial court denied the motion, finding that defendant still met the criteria for an extended term under N.J.S.A. 2C:44-3(a). This appeal followed. On appeal, defendant argues:

> I. THE PCR JUDGE ERRED IN SUMMARILY DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER RULE 3:21-10(b)(7) AFTER DEFENDANT'S MARIJUANA CONVICTION THAT WAS THE BASIS FOR THE TRIAL COURT GRANTING THE STATE'S MOTION FOR AN EXTENDED TERM WAS EXPUNGED.
>
> II. A REMAND IS WARRANTED TO DETERMINE WHETHER DEFENDANT IS ENTITLED TO RELIEF

UNDER RULE 3:21-10(b)(4) or (5) (Not Raised Below).

## II.

When reviewing a defendant's sentence, we use an abuse of discretion standard.  State v. Torres, 246 N.J. 246, 272 (2021).  Our review is deferential.  State v. Trinidad, 241 N.J. 425, 453 (2020).  Further, "[a]ppellate review of a criminal sentence is limited; a reviewing court decides whether there is a 'clear showing of abuse of discretion.'"  State v. Bolvito, 217 N.J. 221, 228 (2014) (quoting State v. Whitaker, 79 N.J. 503, 512 (1979)).  Under this review:

> The sentence must therefore be affirmed unless (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found were not "based upon competent credible evidence in the record;" or (3) "the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience."
>
> [State v. Rivera, 249 N.J. 285, 297-98 (2021) (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).]

## III.

### A.

Defendant argues that expungement of his 1998 convictions requires a reduction of his sentence under Rule 3:21-10(b)(7).  Defendant contends that

the expungement means the elements of the State's extended term motion at sentencing weren't met under N.J.S.A. 2C:44-3(a) and <u>Rule</u> 3:21-4(e).

Under N.J.S.A. 2C:44-3(a), a sentencing court may impose an extended term of imprisonment, if:

> The defendant has [(1)] been convicted of a crime of the first, second or third degree and is a persistent offender. A persistent offender is a person who [(2)] at the time of the commission of the crime is 21 years of age, or over, [(3)] who has been previously convicted on at least <u>two</u> separate occasions of <u>two</u> crimes, committed at different times, when he was at least 18 years of age, [(4)] if the latest in time of these crimes or the date of the defendant's last release from confinement, whichever is later, is within 10 years of the date of the crime for which the defendant is being sentenced.
>
> [(Emphasis added).]

The motion court found that defendant met all four of the statutory requirements under N.J.S.A. 2C:44-3(a). The undisputed sentencing record shows defendant was convicted on "two separate occasions [] within ten years of the current crime and while he was over 18 years of age." The record shows four prior convictions of the first, second, or third degree: April 3, 1995, contrary to N.J.S.A. 2C:39-5(b) and N.J.S.A. 2C:5-2; June 8, 1998, contrary to N.J.S.A. 2C:35-5(a)(1), (b)(11); and January 22, 1999, contrary to N.J.S.A. 2C:35-5(a), (b)(10). While defendant's 1998 conviction for indictment No. 96-

8-954 was expunged, that was only one of the prior convictions used for an extended sentence.

Defendant still meets the sentencing guidelines under N.J.S.A. 2C:44-3(a) for the imposition of an extended term sentence, and we conclude there is no error here.

B.

Defendant argues for the first time that we should remand this matter pursuant to Rule 3:21-10(b)(4), "changing a sentence as authorized by the Code of Criminal Justice," or (5), "correcting a sentence not authorized by law." Defendant posits that his 1999 drug convictions under N.J.S.A. 2C:35-5(a) and N.J.S.A. 2C:35-5(b)(10) (Accusation No. 98-09-01191-A) should be expunged pursuant to N.J.S.A. 2C:52-6.1. Generally, issues raised for the first time on appeal need not be considered because they "never were subjected to the rigors of an adversary hearing, and . . . their legal propriety never was ruled on by the trial court." State v. Robinson, 200 N.J. 1, 18-19 (2009).

Although we are not bound to consider this point on appeal, for the sake of completeness, we consider the argument briefly. Assuming, for purposes of this analysis, that defendant is correct, expungement of the second conviction would still leave him with two prior convictions that would have qualified him

for an extended term at his 2011 sentencing. We conclude there is no plain error here.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1991-23