**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0653-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RASHON C. WILDER,

    Defendant-Appellant.

_____

Submitted October 21, 2025 – October 30, 2025

Before Judges Firko and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment No. 24-07-0743.

Gold, Albanese & Barletti LLC, attorney for appellant (James N. Barletti, of counsel and on the briefs; Paul E. Kiel, on the briefs).

Robert J. Carroll, Morris County Prosecutor, attorney for respondent (Erin Smith Wisloff, Legal Assistant, of counsel and on the brief).

PER CURIAM

Defendant Rashon C. Wilder appeals from a September 24, 2024 judgment of conviction entered after he pleaded guilty to third-degree possession of a controlled dangerous substance (CDS) with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3). We affirm.

The State alleged that on April 10, 2024, defendant and his girlfriend, co-defendant Erika Taylor, knowingly possessed a CDS, specifically crack cocaine, with intent to distribute. During a search of their residence pursuant to a warrant, law enforcement seized a CDS and discovered evidence indicating defendant attempted to discard it during the execution of the search warrant. An eleven-year-old child was in the residence at the time of the search.

On July 31, 2024, defendant and Taylor were indicted by a Morris County grand jury and charged with: third-degree conspiracy to commit CDS offenses, N.J.S.A. 2C:5-2; third-degree possession of a CDS, N.J.S.A. 2C:35-10(a)(1); third-degree possession of a CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3); second-degree possession of a CDS with intent to distribute within five hundred feet of public property, N.J.S.A. 2C:35-7.1(a); fourth-degree possession with intent to distribute drug paraphernalia, N.J.S.A. 2C:36-3; second-degree endangering the welfare of children, N.J.S.A. 2C:24-4(a)(2); third-degree endangering the welfare of children, N.J.S.A.

2C:24-4(a)(2); fourth-degree tampering with evidence, N.J.S.A. 2C:28-6(1); fourth-degree hindering apprehension or prosecution, N.J.S.A. 2C:29-3(b)(1); and fourth-degree obstruction of the administration of justice, N.J.S.A. 2C:29-1(a).

On August 16, 2024, defendant pleaded guilty to third-degree possession of a CDS with intent to distribute in exchange for the State's agreement to recommend a sentence of four years flat in New Jersey State Prison and dismissal of all other charges against him. On September 20, 2024, the court sentenced defendant in accordance with the plea agreement.

At sentencing, the court found aggravating factors three, "[t]he risk that the defendant will commit another offense," N.J.S.A. 2C:44-1(a)(3); six, "[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which the defendant has been convicted," N.J.S.A. 2C:44-1(a)(6); and nine, "[t]he need for deterring the defendant and others from violating the law," N.J.S.A. 2C:44-1(a)(9). The court did not find any applicable mitigating factors and determined "[t]he aggravating factors outweigh the non-existent mitigating factors."

The court noted this was "defendant's fourth indictable conviction" and that he had "prior [disorderly persons offenses] as well as a juvenile history."

3

Defendant's adult presentence report established he had four prior indictable CDS-related convictions in 2008, 2015, and 2018, numerous municipal court CDS-related convictions from 2014 through 2019, and two juvenile CDS-related offenses in 2005. Defendant was sentenced to imprisonment and probation on several occasions but was not deterred from committing future offenses.

Based on that record, the court found aggravating factor three applied because "there[ is] always a risk that the defendant will commit another offense." It found aggravating factor six applied based on "the extent of the defendant's prior criminal record that [was] previously . . . set forth on the record." The court found aggravating factor nine applied because "[t]here[ is] always a general need for deterren[ce]. However, there[ is] a specific need with regard[] to this defendant . . . particularly when there are small children in the area."

Defendant asked the court to find the following mitigating factors applicable: seven, "[t]he defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present offense," N.J.S.A. 2C:44-1(b)(7); eight, "[t]he defendant's conduct was the result of circumstances unlikely to recur," N.J.S.A. 2C:44-1(b)(8); nine, "[t]he character and attitude of the defendant indicate that the defendant is unlikely to commit another offense," N.J.S.A.

A-0653-24

2C:44-1(b)(9); ten, "[t]he defendant is particularly likely to respond affirmatively to probationary treatment," N.J.S.A. 2C:44-1(b)(10); eleven, "[t]he imprisonment of the defendant would entail excessive hardship to the defendant or the defendant's dependents," N.J.S.A. 2C:44-1(b)(11); and twelve, "[t]he willingness of the defendant to cooperate with law enforcement authorities," N.J.S.A. 2C:44-1(b)(12).

The court rejected the application of mitigating factor twelve because defendant was not "cooperating with law enforcement" merely because he was "cooperative in the investigation" of his own case. The court rejected the application of mitigating factor eleven because it did "not find anything particular about this case that would entail excessive hardship." The court did not find mitigating factor ten applied because defendant was previously on probation and "had [that] opportunity."

The court did not find mitigating factor nine applied because it did "not have sufficient information" to support a finding as to that factor. It rejected mitigating factor eight because defendant had "drugs in [his] house" and there was nothing "particular[] about th[e] circumstance[s] that would be unlikely to reoccur." The court did not find mitigating factor seven applied based on

5

"defendant's criminal history."  A conforming judgment of conviction was entered on September 24, 2024.  This appeal followed.

On appeal, defendant raises the following points for our consideration.

POINT I

THE TRIAL COURT FAILED TO EXPLICITLY ANALYZE ALL THE AGGRAVATING AND MITIGATING FACTORS SET FORTH IN N.J.S.A. 2C:44-1 [NOT RAISED BELOW].

POINT II

THE TRIAL COURT ERRED IN FINDING THAT ALL THREE AGGRAVATING FACTORS THAT WERE ARGUED BY THE STATE ARE APPLICABLE.

A.    Aggravating Factor 3

B.    Aggravating Factor 6

POINT III

THE TRIAL COURT ERRED IN REJECTING ALL THE MITIGATING FACTORS ASSERTED ON BEHALF OF MR. WILDER.

A.    Mitigating Factor 7

B.    Mitigating Factor 8

C.    Mitigating Factor 9

D.    Mitigating Factor 11

6

E.    Mitigating Factor 12

We review a sentence imposed by a trial court under an abuse of discretion standard.  State v. Jones, 232 N.J. 308, 318 (2018).  In doing so, we consider whether: "(1) the sentencing guidelines were violated; (2) the findings of aggravating and mitigating factors were . . . 'based upon competent credible evidence in the record;' [and] (3) 'the application of the guidelines to the facts' of the case 'shock[s] the judicial conscience.'"  State v. Bolvito, 217 N.J. 221, 228 (2014) (second alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).

In determining a sentence for imprisonment, the sentencing judge must consider the aggravating factors delineated in N.J.S.A. 2C:44-1(a)(1)-(15) and the mitigating factors in N.J.S.A. 2C:44-1(b)(1)-(14).  "[A] trial court should identify the relevant aggravating and mitigating factors, determine which factors are supported by a preponderance of evidence, balance the relevant factors, and explain how it arrives at the appropriate sentence."  State v. O'Donnell, 117 N.J. 210, 215 (1989).  Where mitigating factors "are amply based in the record . . . , they must be found."  State v. Dalziel, 182 N.J. 494, 504 (2005).  "[A]n appellate court should not second-guess a trial court's finding of sufficient facts to support

an aggravating or mitigating factor if that finding is supported by substantial evidence in the record." O'Donnell, 117 N.J. at 216.

The court's findings of aggravating factors three, six, and nine were based on competent evidence in the record, including defendant's extensive record of CDS-related convictions as an adult and a juvenile. The court properly determined mitigating factors seven, eight, and nine were not applicable for the same reasons. The court correctly rejected mitigating factor ten because defendant was previously sentenced to probation and committed subsequent offenses. There is no reason for us to find the court misapplied its discretion in rejecting mitigating factor eleven by finding defendant did not demonstrate excessive hardship or mitigating factor twelve because defendant was merely "cooperative in his own investigation."

Having reviewed the record, we are satisfied the court's findings as to the aggravating and mitigating factors were amply supported by the record, as was its conclusion that the aggravating factors outweighed the non-existent mitigating factors. There is no basis for us to disturb the sentence imposed.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division